**Catherine B. CARTER,
Plaintiff-Appellant,**

v.

**Patricia Roberts HARRIS, Secretary of Health, and Human Resources, Social Security Administration, United States of America, Defendant-Appellee.**

No. 79–2827
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 21, 1980.

Rehearing Denied June 12, 1980.

---

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

Thorne, Thorne & Robertson, Inc., Michael A. Robertson, Grand Prairie, Tex., for plaintiff-appellant.

Martha Joe Stroud, Asst. U.S. Atty., Paula Mastropieri-Billingsley, Dallas, Tex., for defendant-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Catherine Carter is a woman in her late 50's who suffers from pulmonary emphysema and pulmonary fibrosis, secondary to chronic bronchitis. After working most of her life in accounting-related jobs, Carter discontinued her employment in 1970. In 1976, she applied to HEW for the establishment of a period of disability under § 216 of the Social Security Act, 42 U.S.C.A. § 416(i), and disability insurance benefits under § 223 of the Act, 42 U.S.C.A. § 423. When her application was denied, Carter requested and was granted a hearing before an Administrative Law Judge. After hearing testimony from several of Carter's relatives and friends, and considering the medical records of her physician, the ALJ determined that Carter was not disabled, as of September 30, 1973, the last date on which a disability would have entitled her to benefits.[1] The decision was upheld by the Social Security Appeals Council. Carter then timely commenced this suit in district court. The Secretary's motion for summary judgment was granted.

Our review is limited to determining whether the record, as a whole, contains substantial evidence to support the Secretary's decision. 42 U.S.C.A. § 405(g); *Goodley v. Harris,* 608 F.2d 234, 236 (5th Cir. 1979); *White v. Harris,* 605 F.2d 867, 869 (5th Cir. 1979). In making this determination, we must keep in mind that when appellant applied for benefits the burden was on her to establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C.A. § 423.

Appellant testified that since the 1960's she has experienced severe shortness of breath, lack of energy, and nervousness. She further testified that during the early

---

1. The ALJ found that the last date on which appellant met the special earnings requirements of the Act was September 30, 1973. Appellant concedes the correctness of that finding.

1970's her condition had gotten so bad that she would become tired just sitting at her desk at work, was unable to perform her household duties, and had trouble sleeping. Feeling that she could no longer work, appellant left her job in 1970.

While appellant's testimony certainly was relevant, we note that the Act requires that the disability be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C.A. § 423(d)(3). The medical evidence in this case consisted of the records of Dr. Almond, appellant's physician from 1958 to 1976. The only reference to respiratory problems prior to 1974 is a radiologist's report, dated February 17, 1965, which stated that appellant's x-rays indicated "moderate pulmonary emphysema." The remainder of the relevant entries are dated 1975 and 1976. In 1975, Dr. Almond treated appellant for bronchial pneumonia. On April 20, 1976, Dr. Almond diagnosed appellant's illness as progressive emphysema, and noted that she was unable to work.

Viewing the record as a whole, there is substantial evidence to support the finding that appellant was not disabled on or before September 30, 1973. Although there is evidence that appellant developed emphysema prior to that date, the medical records indicate that the illness did not become disabling until sometime after 1973. We conclude, therefore, that the district court was correct in granting the Secretary's motion for summary judgment.

AFFIRMED.