Charles A. FLOOD, Sr.,
Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, in his capacity as Secretary of Health and Human Services, Defendant-Appellee.

No. 80–5833
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

May 1, 1981.

Blumenthal & Schwartz, P. A., Catherine A. Riley, Titusville, Fla., for plaintiff-appellant.

Kendell W. Wherry, Robert Wayne Genzman, Asst. U. S. Attys., Orlando, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, KRAV-ITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

Claimant appeals from a district court judgment affirming the denial of his claim for disability insurance benefits by the Secretary of Health and Human Services. He is a 48 year old former mason who suffers from a variety of physical ailments, including pulmonary emphysema, severe lumbosacral disc disease and moderate cervical arthritis. Claimant has an eleventh grade education and is incapable of performing his former occupation. The Veterans Administration has given him a 100 per cent disability rating.

The Administrative Law Judge concluded that claimant was capable of performing light work and therefore was not disabled. We review that determination under the substantial evidence standard, 42 U.S.C. § 405(g); *Epps v. Harris,* 624 F.2d 1267, 1269 (5th Cir. 1980) and also consider the proper allocation of the burden of production of evidence between the claimant and the Secretary. Once the claimant proves that he cannot perform his usual work, the burden shifts to the Secretary to show that the claimant is capable of performing some other kind of substantial work available in the economy, *Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir. 1981); *Fruge v. Harris,* 631 F.2d 1244, 1246 (5th Cir. 1980). In this case that burden clearly shifted to the Secretary.

The ALJ based his finding that claimant could perform light work largely upon a report by Dr. Bourguignon. Although several doctors examined claimant, only Dr. Bourguignon's report relates claimant's physical condition to vocational capabilities. The report does not provide substantial evidence to support the ALJ's finding. In the report Dr. Bourguignon specifically indicated that claimant was unable to perform pushing and pulling actions with his hands. The definition of light work contained in the regulations explicitly includes pushing and pulling actions, 20 C.F.R. § 404.1567(b). Moreover, light work entails frequent lifting and carrying of objects weighing up to 10 pounds, *id.* Dr. Bourguignon's report indicates that claimant can carry 10 pound objects frequently but, because of back problems, can never lift 10 pound objects from the floor. The ALJ failed to resolve this apparent discrepancy between the regulatory definition of light work and claimant's physical capabilities.

Although the ALJ found that claimant could perform light work, he also concluded that claimant was not disabled under 20 C.F.R. Subpart P, App. 2, Rule 201.18. Rule 201.18 directs a finding that a claimant is not disabled if he is 45–49 years of age, has limited education, and has previous work experience only in unskilled jobs. However, Rule 201.18 is restricted to claimants who are capable of performing only sedentary work. The ALJ made no determination that claimant could perform sedentary work; he only made an erroneous determination that claimant could perform light work.

Accordingly, we reverse and remand the judgment of the district court with instructions to remand the case to the Secretary for findings on whether claimant can perform sedentary work. On remand the Secretary should consider explicitly claimant's 100 per cent disability rating from the Veterans Administration, *see Epps,* 624 F.2d at 1274. The Secretary should also be mindful of his burden to show that substantial gainful employment activity that claimant can perform exists in the economy, *Western; Fruge, supra.*

REVERSED and REMANDED.