Mercie D. PATTON, Plaintiff-Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.

No. 82–1408
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1983.

Roger L. Gette, N. Central Texas Legal Services Foundation, Inc., Dallas, Tex., for plaintiff-appellant.

Stafford Hutchinson, Asst. U.S. Atty., Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Patton appeals from the district court's grant of summary judgment upholding the administrative denial of the claimant's application for supplemental security income benefits. The issue before this court is the same as before the district court: whether the administrative findings are supported by substantial evidence, 42 U.S.C. 405(g); *Western v. Harris,* 633 F.2d 1204 (5th Cir. 1981). If the Secretary's findings of fact are supported by substantial evidence, they are conclusive. *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a scintilla. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401, 91 S.Ct. at 1427.

The long procedural history of this case is outlined in the opinion of the Administrative Law Judge (ALJ). Appellant's claim is based on her assertion that she is unable to work because of arthritis, diabetes, and high blood pressure. She had worked as a nurses-aid, a cook, and a box and basket assembler. The ALJ found "that the claimant can perform light or sedentary work of the type referred to by the vocational witness, such as child care work, teacher's aid, or light janitorial work requiring her to lift less than 10 pounds." We find that there is substantial evidence in the record to support that finding.

On appeal, Patton contests the ALJ's conclusion that she could perform light work.[1] "Light work" is defined by the regulations as follows:

Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with

1. The Secretary also found that she could do sedentary work. 20 C.F.R. § 416.967(b) provides: "If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.... 20 C.F.R. § 416.967(b).

Claimant's physician, Dr. Eugene Dorsey, in answer to interrogatories, stated that she was suffering from hypertension and diabetes. In his opinion, she could not do light work in which she would be required to sit, stand, and walk through an eight-hour day. Neither could she lift and carry up to twenty pounds frequently or attend work five days a week, but she could use both hands for grasping, pushing or fine manipulation. Her second physician, Dr. Martin Kaplan, completed a physical capacities evaluation for Mrs. Patton, indicating that she could occasionally lift and carry up to ten pounds, could use her hands for simple grasping, and could sit, stand and walk for two hours in an eight hour day. Neither physician concluded that she could do light work, but neither specifically stated that she was disabled.

Dr. Jabez Galt, a consulting physician who examined Patton, concluded that claimant could continuously lift six to ten pounds, occasionally lift twenty-one to twenty-five pounds, frequently carry six to ten pounds and occasionally carry eleven to twenty pounds. He opined that she could sit and stand four out of eight hours daily and could use her hands for simple grasp-ing, pushing and pulling and fine manipulation. Because of her obesity, she could not use her feet for pushing or pulling leg controls and could not bend, squat, crawl, climb or reach. Dr. Galt found that "Mrs. Patton is seen to be an alert person with no limitation of gait, posture, twisting, turning or rising from a chair, stepping up on stairs, stepping up on to the platform of the examining table, lying down or raising up. All gross and fine movements are well coordinated. There is no manifestation of pain or limitations."[2]

■ Though Dr. Galt's conclusions differ from those of Dr. Dorsey and Dr. Kaplan, they are supported by Mrs. Patton's own testimony that she actually engaged in the light work that the vocational witness, Dr. Robert Lovitt, recommended—child care. Mrs. Patton testified that she cooked and cared for her grandchildren who lived with her.[3] We note that conflicts in the evidence, including medical opinions, are to be resolved by the Secretary, not by the courts. *See Oldham v. Schweiker,* 660 F.2d 1078, 1083 (5th Cir.1981). The reviewing court is not permitted to substitute its judgment for that of the Secretary, even if the reviewing court finds that the evidence preponderates toward a wholly different finding. *Strickland v. Harris,* 615 F.2d 1103, 1106 (5th Cir.1980). We find that Dr. Galt's findings and the testimony of Mrs. Patton provide substantial evidence that the claimant can perform light work.[4]

**2.** This latter conclusion refutes Mrs. Patton's subjective testimony of pain.

**3.** We note that because of Mrs. Patton's testimony, Dr. Galt's opinion does not provide the only evidence that she could do light work. Therefore, we do not believe that the ALJ failed to accord the proper legal weight to the report of the treating physician. *Cf. Smith v. Schweiker,* 646 F.2d 1075, 1080–81 (5th Cir. 1981). In this case, the claimant actually performed light work when the treating physician indicated she could not.

The court also observes that the opinion of Dr. Dorsey was not based on specific clinical and diagnostic findings. *See Oldham v. Schweiker,* 660 F.2d 1078, 1084 n. 5 (5th Cir. 1981).

**4.** Though Patton complained of nervousness, her mental condition does not prevent her from doing light work. A 1977 Texas Rehabilitation Commission social services report indicated that Patton exhibited low motivation for working and used her health as an excuse for not working. The Commission found her potentially capable of working at an unskilled level, but noted that her physical problems, which were compounded by low self esteem, her slow work pace, and her confused manner of functioning suggested competitive placement might be marginally successful. The vocational witness, Dr. Lovitt, testified that the conclusion of the Texas Rehabilitation Commission did not rule out child care work.

Moreover, Dr. Ben Goodwin, a specialist in psychiatry, examined Patton three times at the request of the Appeals Council. He concluded that "her emotional disorder per se is not felt to be a major or primary limit, but is contributing to her overall disability. Supportive therapy

■ Relying on *Flood v. Schweiker,* 643 F.2d 1138 (5th Cir.1981), Patton argues that as Dr. Galt concluded that she could not push or pull leg controls, she cannot perform light work as defined in the regulations.[5] In *Flood,* the court rejected the ALJ's finding that the claimant could do light work because the doctor's report upon which it was based concluded that the claimant could neither push nor pull with his hands or lift ten pound objects. We do not believe that *Flood* stands for the proposition that a claimant must be able to do pushing and pulling with both the arms and the legs. That conclusion is based on the language of the regulation. It is written in the disjunctive, requiring "some pushing and pulling of arm *or* leg controls." 20 C.F.R. § 416.967(b) (emphasis added). The regulation further provides that "to be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do *substantially all*" of the activities named in the regulation. *Id.* (emphasis added). There is substantial evidence to show that Mrs. Patton meets that requirement.[6] She can do the weight lifting requirements, can walk or stand a "good deal," and can push or pull arm controls.

The opinion of the district court approving the ALJ's conclusion that Mrs. Patton can perform light work is AFFIRMED.[7]

and vocational counselling would be most appropriate and helpful in changing her present prognosis. She is capable of handling funds." He indicated that she had perhaps reached the limit of her vocational ability but did not suggest that she could not perform jobs requiring skills up to that limit.

5. Patton also argues that Dr. Galt's findings do not demonstrate that she could do "a good deal of walking or standing" as required by the regulation. We find that being able to walk for one hour and stand for four hours fulfills that requirement. We also note that the walking/standing requirement is written in the disjunctive.

6. The court notes that the reason Mrs. Patton cannot push and pull leg controls is because she is too fat. Appellant has not at any time claimed a disability based on her obesity nor would her obesity be disabling under the regulations. *See* 20 C.F.R. Part 404, Appendix 1, Part A, Section 10.10.

7. We agree with the district court that the administrative reliance on 20 C.F.R. Rule 202.-17, Appendix 2, which applies to younger individuals, was harmless. Reliance on the proper rule, 202.10, which applies to those closely approaching advanced age, would also result in a finding that the claimant is not disabled.