**Nora Lee ADAMS, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of the Department of Health and Human Services, Defendant.**

**Civ. A. No. H–81–2265.**

United States District Court, S.D. Texas, Houston Division.

March 7, 1983.

---

Shoemake & Hannsz, James H. Shoemake, Houston, Tex., for plaintiff.

Robert Darden, Asst. U.S. Atty., Houston, Tex., for defendant.

MEMORANDUM AND ORDER:

STERLING, District Judge.

Plaintiff appeals from a decision by Defendant, Secretary of Health and Human Services (Secretary), denying her application for the establishment of a period of disability under § 216(i) of the Social Security Act (Act), 42 U.S.C. § 416(i) (1976) and disability insurance benefits under § 223 of the Act, 42 U.S.C. § 423 (1976). Plaintiff and Defendant have filed cross motions for summary judgment which are pending before the Court.

## I. ADMINISTRATIVE PROCEEDINGS.

Plaintiff filed her application for disability benefits on November 20, 1979. Tr. 105–08. In the application, she alleged she became unable to work on October 18, 1979, because of arthritis of the spine and deafness. Tr. 105. Plaintiff's application was denied administratively, both on initial review and reconsideration, after a physician and a disability examiner evaluated the evidence and determined that Plaintiff was not disabled within the meaning of the Act. Tr. 114–115, 131–36.

Dissatisfied with those determinations, Plaintiff requested that her claim be considered *de novo* by an administrative law judge (ALJ) of the Social Security Administration. Tr. 56. Plaintiff's request was granted, and on September 3, 1980, a full hearing was conducted, at which Plaintiff and her attorney appeared. Tr. 57–104. The ALJ issued a recommended decision on January 21, 1981, finding that Plaintiff was not disabled under the Act and denying her claim for social security benefits. Tr. 25–37.

Plaintiff sought review of the recommended decision before the Appeals Council. After considering all the evidence of record, the ALJ's reasoning and evaluation, the applicable law and regulations, and Plaintiff's arguments in support of her claim, the Appeals Council approved the denial of social security benefits on July 28, 1981. Tr. 4–5. Plaintiff now seeks judicial review of the final decision by the Secretary.

## II. STANDARD FOR REVIEW.

The standard that the District Court must apply when reviewing a decision of the Secretary regarding disability benefits is to determine if there is substantial evidence in the record to support the Secretary's decision, 42 U.S.C. § 1383(c)(3) (1976). *Smith v. Schweiker,* 646 F.2d 1075, 1076 (5th Cir.1981); *Fruge v. Harris,* 631 F.2d 1244, 1245 (5th Cir.1980); *Strickland v. Harris,* 615 F.2d 1103, 1106 (5th Cir.1980); *Carter v. Harris,* 615 F.2d 1044, 1045 (5th Cir.1980); *Fortenberry v. Harris,* 612 F.2d 947,

950 (5th Cir.1980). Substantial evidence is more than a scintilla, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Strickland v. Harris,* 615 F.2d at 1106, citing, *National Labor Relations Board v. Columbian Enameling and Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665 (1939); *Chaney v. Califano,* 588 F.2d 958, 959 (5th Cir.1979), citing *Gaultney v. Weinberger,* 505 F.2d 943, 945 (5th Cir.1974) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1970)). A similar presumption does not attach, however, to the Secretary's conclusions of law including determinations of the proper standards to be applied in reviewing claims and the proper allocation of the burden of proof. *Smith v. Schweiker,* 646 F.2d at 1076; *Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir.1981); *Knox v. Finch,* 427 F.2d 919, 920 (5th Cir.1970). The court reviewing a denial of a disability application must review the record as a whole to determine whether substantial evidence supports the Secretary's decision. *Smith v. Schweiker,* 646 F.2d at 1077; *Strickland v. Harris,* 615 F.2d at 1106.

In reviewing the record for substantial evidence the court must consider: (1) objective medical facts or clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability and (4) claimant's age, education and work history. Act § 205(g), 42 U.S.C. § 405(g) (1976). *Smith v. Schweiker,* 646 F.2d at 1077; *Strickland v. Harris,* 615 F.2d at 1106. The reviewing court, however, must not reweigh the evidence or substitute its judgment for that of the Secretary's. *Smith v. Schweiker,* 646 F.2d at 1076; *Johnson v. Harris,* 612 F.2d 993, 997 (5th Cir.1980); *Chaney v. Califano,* 588 F.2d at 959.

■ The initial burden of persuasion rests with the claimant attempting to establish the existence of a disability by proving by substantial evidence that she is unable to perform her previous work. *E.g., Western v. Harris,* 633 F.2d at 1206. Once the claimant proves that she is unable to perform her usual work, the burden shifts

to the Secretary to establish that the claimant is capable of performing other substantial work in the national economy. *Id.; Flood v. Schweiker,* 643 F.2d 1138, 1139 (5th Cir.1981).

### III. THE RECORD.

A. *Claimant's Age, Education and Work History.*

Plaintiff, Nora Lee Adams, 62, is married with one child by a former marriage. Tr. 62, 65 and 71. She has a tenth grade education and in 1955 she received vocational training in the use of office machines. Tr. 76–78. In 1955, she went to work as a bookkeeper and remained in that position with the same company until she was retired medically on October 18, 1979.

B. *Objective Medical Facts and Clinical Findings.*

Plaintiff was hospitalized on February 19, 1976, complaining of pain in the dorsal, lumbar and cervical areas of her spine. Tr. 141–44. She had a history of arthritis and had been under treatment by medication by H.C. Khera, M.D., her treating physician. *Id.* She was admitted to the hospital upon the complaint that the medication was not relieving the pain. Tr. 93–94, 143. Examination of her chest revealed that she had partial scoliosis and kyphosis of the dorsal spine. Tr. 143. Movement of the dorsal spine was painful and restrictive but there was no motor or sensory loss. *Id.* A set of chest x-rays were negative and Plaintiff was described as having "a geriatric chest." Tr. 141. A set of dorsal spine x-rays revealed scoliosis concave on the left side with hypoertrophic changes of arthritis. *Id.* X-rays of the lumbar spine were negative. *Id.* Her electrocardiogram was within normal limits although it showed mild ST changes. Tr. 143. Plaintiff was treated conservatively with pain pills, cortical strides, ultra sound diathermy, and cervical traction. *Id.* She showed improvement and was discharged on March 3, 1976. *Id.*

In June, 1978, Dr. Khera referred Plaintiff to Arthur L. Glassman, M.D., an orthopedic surgeon, who reported on July 5, 1978, that Plaintiff complained of pain in her neck which radiated into her right shoulder and arm, and that the pain awakened her at night and was aggravated by activity. Tr. 146. Dr. Glassman reported that the onset of the ailment was three years earlier with a numbness and tingling in her right arm. *Id.* Dr. Glassman treated Plaintiff with some success: he gave her an injection of celestone and advised her to wear a cervical collar. *Id.* He instructed her in physical therapy and informed her that if she did not improve under conservative regimen, then surgery consisting of local anterior fusion and discectomy would be considered. *Id.*

Dr. Khera admitted Plaintiff to the hospital for a second time on October 19, 1979, since she was complaining of severe headaches which had grown progressively more severe until she suffered nausea, vomiting and blurred vision. Tr. 152. She was admitted for an examination into the possibility of brain tumors as the source for her headaches. Tr. 153. Dr. Khera consulted I. Novak, M.D., a neurologist, and Gary Card, M.D., an ear, nose and throat specialist. Tr. 154–55, 165–66. A brain scan and flow study were normal. Tr. 152. Chest and skull x-rays were normal. *Id.* A set of x-rays of the cervical spine revealed limitation and spondylosis of the cervical spine with degenerative disc disease at C6 and 7 levels along with encroachment over the intervertebral foramina. *Id.* The right ear revealed a modified mastoid cavity, which was filled with cerumen and squamous debris, with a remnant of middle ear space behind a thin membrane. *Id.* The cavity was cleaned by Dr. Card and there was no evidence of tumerous tissue, inflammation or moisture. Tr. 165–66. Dr. Card completed his examination, noting that Plaintiff needed an examination once every two years to have her ear cavity cleaned. *Id.* While in the hospital she was examined and treated by Dr. I. Novak for bilateral hearing loss, which was revealed by an audiogram indicating mixed conductive and sensory neuro hearing loss on the right with pure tone of 58 decibels and sensory neuro

hearing loss on the left with pure tone of 27 decibels. Tr. 154–55. She was discharged in improved condition on October 30, 1979. Tr. 152.

Plaintiff was admitted to the hospital for a third time on December 12, 1979, by Dr. Khera with the complaint of pain in the back of the neck, dorsal area, right and left arm, and pain radiating from the neck to the shoulders and to the arms. Tr. 191. The admitting report indicated that Plaintiff could not hold a cup of tea and she experienced weakness in the hands and has had paresthesiae over the arms and hands. *Id.* She was admitted for workup and treatment and for orthopedic consultation with William Price, M.D., an orthopedic surgeon. Tr. 193–94. Dr. Price examined her cervical spine and noted that right deviation was 20% limited and left rotation was 20 to 25% limited, and that there is marked cordosis and kyphosis. Tr. 194. Dr. Price further noted that Plaintiff suffered from an altered sensation in the hands and that the problem was not that she did not have feeling but that she had a tingly feeling which is paresthesia, not anesthesia. *Id.* He found that she had full movement of her shoulders, elbows, wrists and hands which were swollen but there was no redness or heat. *Id.* Upon examination of her dorsal spine he found kyphosis which was fixed and that there was very little mobility in the dorsal spine. *Id.* Additionally, he found that there was right dorsal scoliosis of moderate proportions and moderate tenderness over the mid and upper dorsal region. *Id.*

### C.  Diagnosis of Examining Physicians.

Dr. Novak diagnosed Plaintiff as suffering from advanced degenerative disease of the cervical spine and moderate degenerative arthritis of the thoracic spine. Tr. 155. Additionally, Dr. Novak found that Plaintiff suffered from unilateral right hemispheric headache aggravated by impacted cerumen in the surgical mastoid cavity and from bilateral hearing loss. *Id.* Dr. Price diagnosed Plaintiff as suffering from cervical radiculitis, with paresthesis into the right arm, moderately severe postural kyphosis and cervical lordosis. Tr. 195, 202. These diagnoses were corroborated by Dr. Khera in his medical report to the Texas Rehabilitation Commission on January 30, 1980, Tr. 203, along with a diagnosis of nerve root irritation to the C6 and C7 sections of the spine. *Id.;* Tr. 197.

Dr. Khera concluded that Plaintiff is unable to work as a result of her illnesses. Tr. 189. Dr. Price concluded that the Plaintiff is "not totally disabled for the usual work one might expect of a 61 year old female." Tr. 202.

### D.  Subjective Evidence of Pain.

The medical reports were substantiated by Plaintiff's testimony before the ALJ on the pain and impairments she suffers. Plaintiff testified that she is unable to drive for any distance because when she holds her hands out on the steering wheel they become numb because she is in incredible pain. Tr. 68. She also testified that she is unable to sew because of the pain she suffers when she holds the scissors and bends over a sewing machine. Tr. 70. Plaintiff recounted the pain she suffered when she was working during October of 1978, Tr. 87, and in October of 1979 when she was hospitalized and examined by Dr. Novak, Tr. 91–94. Plaintiff testified that the pain from exertion is sufficiently disabling that it limits her ability to drive, sew, work in the yard, cook, hold a newspaper or a book up to read, Tr. 70–71, walk or sit, Tr. 100–102. She did indicate that the pain has become more intense since she terminated her employment but that the occurrences of pain have tapered off and that she does not suffer pain when she remains partially active. Tr. 100–101.

### IV.  DECISION BY ALJ.

The ALJ found that Plaintiff has established that she does have a severe impairment by degenerative arthritis of the cervical and thoracic spine, but that the only significant problem that the Plaintiff has is the pain she feels as a result of her arthritis. Tr. 35. The ALJ concluded "that the

pain and discomfort suffered by the claimant is not of such frequency, duration and intensity as to be 'disabling,' but is found to be only of a mild to occasionally moderate nature with infrequent acute exacerbations." Tr. 36. The ALJ further found that in spite of her age and arthritic condition, Plaintiff has the residual functional capacity to perform sedentary work activity on a regular, sustained basis. *Id.* In weighing the evidence the ALJ relied heavily on the opinion of Dr. Price, who treated the Plaintiff from December 17, 1979, to December 19, 1979, and concluded that Plaintiff is capable of performing the usual work one might expect for a 61 year old female. Tr. 36. The ALJ found that reliance on the opinion of Dr. Price, an orthopedic surgeon, over the opinion of Dr. Khera, a general practitioner and Plaintiff's treating physician, is not misplaced.

### V. WEIGHING THE OPINIONS OF THE PHYSICIANS.

■ The Court of Appeals for the Fifth Circuit has consistently held that unless the ALJ is able to show good cause to the contrary, he must accord "considerable weight" or "substantial weight" to the opinion, diagnosis and medical evidence of the Plaintiff's treating physician. *Smith v. Schweiker,* 646 F.2d at 1081; *Fruge v. Harris,* 631 F.2d at 1246. Clearly, in the present case, the ALJ accorded substantial weight to the opinion of Dr. Price who examined Plaintiff for a special purpose—orthopedic examination of the spine—and whose conclusion as to disability—"[s]he is not totally disabled for the usual work one might expect of a 61 year old [sic] female" —is vague and inconclusive. The ALJ has failed to weigh appropriately the evidence in the record or, at the very least, has failed to establish good cause in the record to justify his reliance on an opinion other than that of the treating physician. Therefore, the Court must remand the case to the ALJ for appropriate evaluation of the evidence in light of the weight required by law.

### VI. SUBJECTIVE MANIFESTATIONS OF PAIN & BURDEN OF PROOF.

■ The record indicates that the ALJ did not find Plaintiff's subjective manifestations of pain sufficiently credible and convincing in light of the preponderance of medical and other evidence, but is of a mild to occasionally moderate nature with infrequent acute exacerbations. Tr. 36–37. The record indicates that the ALJ relied primarily upon the objective medical and other evidence to support the credibility of the Plaintiff's assertions. The Court of Appeals for the Fifth Circuit has emphatically held that subjective claims of pain do not have to be supported by clinical or laboratory findings. *Benson v. Schweiker,* 652 F.2d 406, 408–09 (5th Cir.1981); *Ware v. Schweiker,* 651 F.2d 408, 412 (5th Cir.1981); *Smith v. Schweiker,* 646 F.2d at 1082 (5th Cir.1981); *Simmons v. Harris,* 602 F.2d 1233, 1236 (5th Cir.1979). Since the ALJ improperly allocated weight of the testimony to Dr. Price to challenge Plaintiff's credibility, it is incumbent upon the ALJ to reconsider his opinion, including Plaintiff's subjective manifestations of pain, in light of the decision by this Court.

■ The ALJ concluded that the Plaintiff's physical impairments and related pain did not prevent her from working as a bookkeeper. Tr. 37. There is sufficient evidence in the record, including the ALJ's conclusion, to establish that Plaintiff suffers from acute exacerbations of disabling pain. Tr. 36. It is unclear from the record whether the stress from Plaintiff's usual occupation will provide the auger which will exacerbate Plaintiff's condition and lead to her suffering from disabling pain. If Plaintiff is able to prove by substantial evidence that her previous employment will create the conditions which lead to a disabling pain, the Court is of the opinion that Plaintiff has met her burden of proving disability and the burden shifts to the Secretary to establish that Plaintiff is able to perform other gainful activity. This result is satisfying to the logician since to hold otherwise would lock the Plaintiff on the horns of a dilemma: denying her benefits because she

does not suffer constant disabling pain yet requiring her to submit to the conditions which would manifest a disabling level of pain. *Cf., Thomas v. Schweiker,* 666 F.2d 999, 1004 (the Court remanded case to the Secretary where evidence submitted indicated that claimant's disabling symptoms appear to be intensified when exposed to the environmental conditions of employment which the Secretary determined claimant was capable of performing and upon which the Secretary relied to deny disability benefits).

The Court is of the opinion that this case should be remanded to the Secretary for consideration of Plaintiff's subjective manifestations of pain in light of the allocation of the evidence and on the issue of whether the conditions of Plaintiff's employment place Plaintiff in disabling pain.

### VII. REMAND IS AN APPROPRIATE REMEDY.

At its discretion and for good cause a reviewing court can remand a disability claim for a reevaluation of the evidence. 42 U.S.C. § 405(g) (1976). In this case it is clear that the Court is unable to find substantial evidence in the record, in light of the allocation of weight accorded the evidence, to affirm the decision of the ALJ. The failure of the ALJ to properly evaluate the evidence is considered good cause for remanding the case. *See, e.g., Strickland v. Harris,* 615 F.2d at 1111.

It is, therefore,

ORDERED that Plaintiff's motion for summary judgment is DENIED and that Defendant's motion for summary judgment is DENIED, but that the decision of the ALJ is REVERSED and this case is RE-MANDED to the Secretary for a hearing in accordance with this opinion.