**Curtis SMITH, Plaintiff,**

v.

**Shirley CHATER, Commissioner of Social Security, Defendant.**

**Civil Action No. 3:96–CV–2399D.**

United States District Court,
N.D. Texas,
Dallas Division.

April 15, 1997.

## MEMORANDUM OPINION

FITZWATER, District Judge.

Plaintiff Curtis Smith ("Smith") brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental social security benefits. The administrative law judge ("ALJ") found that Smith retained the ability to perform light work with a sit/stand option and no repetitive use of the hands, and found that there are a significant number of these jobs in the national economy. Smith contends the ALJ (1) improperly found that he could perform a "full range of light work;" (2) failed properly to consider the testimony of the vocational expert ("VE"); and (3) did not pose a proper hypothetical to the VE regarding his disabilities. For the reasons that follow, the Commissioner's decision is AFFIRMED.

### I

Smith seeks disability benefits, alleging the following exertional and non-exertional limitations: lumbar spine injuries, cervical spine injuries, diabetes,[1] carpal tunnel syndrome, and shoulder pain. Tr. at 25–28. Smith was born January 20, 1954 and has an eighth grade education. He has past relevant work experience as a convenience store manager, truck driver, and mason. Tr. at 25, 61, 201, & 253.

The ALJ determined that Smith could not perform the full range of light work activity due to his need for a sit/stand option and restrictions against the repetitive use of his hands. Tr. at 21 (Finding Nos. 6 and 11). Based on the VE's testimony that there remained a significant number of jobs in the national economy involving light work activity that Smith could perform, the ALJ found that Smith was not disabled. *Id.* (Finding Nos. 11 and 12). The Appeals Council de-

1. His diabetes is manifested by blurred vision and foot problems. Tr. at 68, 73–75.

nied Smith's request for review, and the findings of the ALJ became the final decision of the Commissioner.

## II

Social Security jurisprudence is familiar. The court's review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir.1995) (per curiam). "The Commissioner's decision is entitled to great deference, and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir.1995) (footnotes omitted).

"The court may not reweigh the evidence or try the issues *de novo* or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez,* 64 F.3d at 173. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley,* 67 F.3d at 555 (quoting *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995)). "It is more than a mere scintilla and less than a preponderance.'" Id. (quoting *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir.1993) (footnote omitted)). To make a finding of "no substantial evidence," the court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Dellolio v. Heckler,* 705 F.2d 123, 125 (5th Cir.1983) (quoting *Hemphill v. Weinberger,* 483 F.2d 1137 (5th Cir.1973)). Even if the court should determine that the evidence preponderates in the claimant's favor, the court must still affirm the Commissioner's findings if there is substantial evidence to support these findings. *See Carry v. Heckler,* 750

F.2d 479, 482 (5th Cir.1985). The resolution of conflicting evidence is for the Commissioner rather than for this court. *See Patton v. Schweiker,* 697 F.2d 590, 592 (5th Cir.1983).

To determine whether a claimant is disabled, the Commissioner uses a five-step sequential inquiry. *Leggett,* 67 F.3d at 563; *Martinez,* 64 F.3d at 173. The Commissioner must consider (1) whether the claimant is presently working, (2) whether the claimant's ability to work is significantly limited by a physical or mental impairment, (3) whether the claimant's impairment meets or equals an impairment listed in Appendix I to the regulations, (4) whether the impairment prevents the claimant from doing past relevant work, and (5) whether the claimant cannot presently perform relevant work that exists in significant numbers in the national economy. *Martinez,* 64 F.3d at 173–74; *Leggett,* 67 F.3d at 563–64 n. 2, 20 C.F.R. § 404.1520 (1995). A mental impairment is evaluated by the same sequential process. *See* 20 C.F.R. § 404.1520a (1995). Once the Commissioner demonstrates that other jobs are available to a claimant, the burden of proof shifts to the claimant to rebut this finding. *Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir.1990).

For purposes of social security determinations, "disability" means the inability to engage in substantial gainful activity because of any medically determinable physical or mental impairment that could be expected to last for at least 12 months. *See* 42 U.S.C. § 423(d). To establish disability, the record must show that the limitations imposed by plaintiff's conditions prevent him from engaging in any substantial gainful activity. *See Jones v. Heckler,* 702 F.2d 616, 620 (5th Cir.1983). When determining the propriety of a decision of "not disabled," this court's function is to ascertain whether the record considered as a whole contains substantial evidence that supports the final decision of the Commissioner, as trier of fact. The court weighs four elements of proof to determine if there is substantial evidence of disability: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) age, education, and work history. *Martinez,* 64

F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir.1991)). The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the decision is not substantially justified. *Id.* Reversal of the ALJ's decision is appropriate, however, only if the applicant shows that he was prejudiced. *Id.*

## III

### A

■ The court considers first Smith's contention that the ALJ improperly found that he could perform a "full range of light work."

Smith argues that the ALJ's finding is erroneous because the range of light work he could perform was limited by his undisputed need for a sit/stand option. The ALJ did not find that Smith possessed the capacity to perform a "full range of light work." To the contrary, the ALJ found that Smith's capacity to perform light work was reduced by his need for a sit/stand option and restrictions against repetitive use of his hands. Tr. at 21 (Finding No. 6). Although Smith's limitations precluded the ALJ from assuming that he could perform the full range of light jobs, they did not prevent the ALJ from finding that significant light jobs were still available to him. *See Books v. Chater*, 91 F.3d 972, 980 (7th Cir.1996). The ALJ properly sought expert testimony to determine whether there were a substantial number of jobs available to Smith given his ability to perform light work with a sit/stand option, and which did not involve repetitive use of his hands. *See id.*[2] Because Smith does not object to the ALJ's finding that he possessed the ability to perform light work reduced by his need for a sit/stand option and restrictions against repetitive use of his hands, there is no basis to disturb the ALJ's classification of his disability.

### B

■ The court next considers together Smith's arguments that the ALJ did not pose a proper hypothetical to the VE and that the ALJ did not consider the VE's testimony. Based on the VE's testimony, the ALJ found that

> [a]lthough [Smith's] additional nonexertional limitations do not allow him to perform the full range of light work ... there are a significant number of jobs in the national economy which he could perform. Examples of such jobs are: cashier, security guard monitor, badge checker, and gate guard. These jobs appear in the Texas economy and 1.4 million in the national economy.

Tr. at 21 (Finding No. 11).

With respect to the cashier positions, Smith contends that the VE's indication of the number of cashier jobs available to him is inaccurate because the ALJ did not pose a proper hypothetical. The VE testified that the number of cashier jobs available to Smith at the sedentary level is 15,000 locally, 59,000 in the state of Texas, and 800,000 in the national economy. Tr. at 321. The VE also testified that the number of cashier jobs available to Smith at the light level is 7,000 locally, 30,000 in the state of Texas, and 400,000 in the national economy. *Id.* The number of light level cashier jobs identified as available to Smith reflects a 2/3 reduction in the number of light level cashier jobs in the relevant geographical areas to accommodate Smith's need for a sit/stand option. *Id.* at 320–21. Further, the VE stated that the total number of cashier jobs that Smith could perform should be reduced an additional 10% assuming, as Smith suggests, that he cannot be exposed to dusts, fumes, and gases. *Id.* at 325.

■ No error is apparent from the ALJ's questioning. Although Smith asserts the ALJ did not pose a proper hypothetical regarding his impairments, he does not state what limitations were omitted. The ALJ brought to the VE's attention Smith's repetitive-motion and sensitivity-to-fumes limita-

---

**2.** It is also instructive that the only security jobs identified as available to Smith are those at the sedentary level. *See* Tr. at 321–22. This is pre-

sumably due to the fact that unlike light work cashier jobs, some light work security jobs require extensive walking.

tions. Tr. at 319 & 325.[3] The ALJ confined the inquiry to sedentary jobs or light work jobs permitting a sit/stand option. *Id.* at 321. Although they were not incorporated into a single hypothetical, the ALJ's questions reasonably notified the VE of Smith's disabilities. The VE's answers therefore provide substantial support for the ALJ's determinations. *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir.1994). Further, Smith has little ground for complaint since his representative had an opportunity to correct any alleged defects in the hypotheticals by mentioning additional limitations but did not. *See id; Morris v. Bowen,* 864 F.2d 333, 336 (5th Cir.1988).

Smith maintains that the ALJ's finding that he could perform security work is inconsistent with testimony by the VE that many security companies require a high school diploma and that to counteract this Smith would need to develop a resume that shows his good work background. *See* Tr. at 324. Smith does not contest that he possesses the kind of work experience and job skills needed to obtain the identified security jobs. He maintains instead that these jobs would not be available to him because he does not have the resources to employ someone to help him develop a professional resume.

■ The court need not decide whether the ALJ erred in finding that Smith could perform some security work. Assuming that Smith was not qualified for these jobs, the evidence remains sufficient to support a determination that substantial employment opportunities were available to Smith.[4] The VE identified numerous cashier jobs that Smith had the residual functional capacity and vocational abilities to perform. The ALJ's failure to restrict his use of the VE's testimony to the issue of cashiers jobs is at most a minor procedural impropriety. *See Morris,* 864 F.2d at 336. Because the ALJ's determination would still be supported by substantial evidence, any improprieties could not have prejudiced Smith's substantive rights. *See id.* Affirmance is therefore required. *See id.; Ripley,* 67 F.3d at 557.

AFFIRMED.

---

3. The VE testified that Smith's restriction on the repetitive use of his hands would not interfere with a cashier job because constant use of the hands was not required. Tr. at 319. This testimony is not challenged.

4. The court expresses no opinion as to whether Smith's claims are precluded by 20 C.F.R. § 404.1566 (1997), which states that employer hiring practices are irrelevant to disability.