**Patricia BOLTON, SSN: 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, Plaintiff,**

v.

**John CALLAHAN, Commissioner of Social Security, Defendant.**

**No. 6:96-CV-061-C.**

United States District Court,
N.D. Texas,
San Angelo Division.

Sept. 19, 1997.

---

Elizabeth B. Dunlap, Morgan & Weisbrod, Dallas, TX, for Plaintiff.

Nancy Marion McClellan Koenig, Asst. U.S. Atty., Lubbock, TX, for Defendant.

## ORDER GRANTING APPEAL AND REVERSING DECISION OF COMMISSIONER OF SOCIAL SECURITY

CUMMINGS, District Judge.

The Plaintiff, Patricia Bolton, is appealing a denial by the Commissioner of Social Security of her claim for disability insurance benefits, 42 U.S.C. § 405(g). The United States Magistrate Judge entered Findings, Conclusions and Recommendation. No Objections have been filed by either the Plaintiff or the Defendant to such Findings, Conclusions and Recommendation. The Court has made an independent review of the records.

It is, Ordered the findings of fact, conclusions of law and recommendation of the U.S. Magistrate Judge are hereby adopted.

It is, further Ordered there is not substantial evidence to support the decision of the Commissioner of "no disability" at the Fifth Sequential Step of the decision making process by finding Plaintiff was able to perform light work with limitations.

It is, further Ordered the Commissioner's finding of "no disability" is set aside.

It is, further Ordered this the Plaintiff is able only to perform sedentary work, and under Table No. 1 of the Medical Vocational Guidelines, 20 C.F.R., Pt. 404, Subpart P, App. 2, the disability decision is "disabled."

It is, further Ordered the Plaintiff is disabled for purposes of both supplemental security income and disability insurance benefits.

It is, further Ordered payment of such disability insurance and supplemental security income benefits beginning July 3, 1991, for back payments, and future payments be made after the date of the finality of this Judgment.

It is, further Ordered all pending Motions not previously considered by this Court are hereby overruled and denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

The Clerk will furnish a copy hereof to any party appearing *pro se* and to each attorney of record by first class mail.

### *FINDINGS, CONCLUSIONS AND RECOMMENDATION*

WARNICK, United States Magistrates Judge.

The Plaintiff, Patricia Bolton, is appealing an adverse decision of the Commissioner. On May 20, 1993, Plaintiff filed an application for disability insurance benefits, and on June 16, 1993, for supplemental security income benefits. The Commissioner denied her claim for benefits and she has filed this Appeal, 42 U.S.C. § 405(g).

An Administrative Law Judge (ALJ) held a hearing on February 6, 1995. The Plaintiff and a vocational expert, Drew Anne Boyd, testified at the hearing. On July 13, 1995, the ALJ found she suffered "no disability". The ALJ made his decision at the Fifth Sequential Step of the decision making process. He utilized the Medical Vocational Guidelines only as a framework, and utilized the testimony of a vocational expert. On October 20, 1995, the Appeals Council found there was no basis for a review of the ALJ's decision. Therefore, the ALJ determination became the final decision of the Commissioner.

Plaintiff was born on June 8, 1943, and has an eighth grade education. She basically has worked as a waitress or a waitress/cashier all of her life. She also listed having worked as a Nurses Aide, and a sewing factory worker on other occasions. Plaintiff fell at her home and suffered a compression fracture of the L1 vertebral body on July 3, 1991. She has not been employed since that date. Plaintiff complains of the pain she suffers as a result of the fracture in her back, radiating into her lower limbs. She has on some of her forms complained of knee contusion with strain and osteoporosis.

The purpose of the Plaintiff's claim is to establish a disability under the Social Security Act, 42 U.S.C. § 405(g). Pursuant to the Statutory provisions of the Social Security Act, the Commissioner has promulgated regulations which establish a five-step sequential process for determining the presence or absence of disability to award or to deny disability payments, 20 C.F.R. § 405.1520 (1984). The five-step sequential test has been discussed and judicially approved in numerous decisions, *Bowen v. Yuckert,* 482 U.S. 137, 141–42, 107 S.Ct. 2287, 2290–92, 96 L.Ed.2d 119 (1987), *Heckler v. Campbell,* 461 U.S. 458, 461, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983), and *Martin v. Heckler,* 748 F.2d 1027, 1031 (5th Cir.1984). All of the various regulatory definitions, etc., appear in 20 C.F.R. § 404.1501, Sub-part P, et seq. The Plaintiff bears the burden of proof on the first four sequential steps in the decision making process. Then on the Fifth and final step, if it is reached, the Commissioner has the burden of proof, *Kane v. Heckler,* 731 F.2d 1216, 1219 (5th Cir.1984).

### *FIRST STEP*

The first step is the Plaintiff at the time of the claim of disability and thereafter must not be engaged in substantial gainful activity. Substantial gainful activity is doing significant and productive physical and/or mental work for profit, 20 C.F.R. §§ 404.1510, 404.1520(b).

### *SECOND STEP*

If the Commissioner decides Plaintiff is not engaged in substantial gainful activity, the second step is to determine if there is a severe impairment, 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. §§ 404.1520(c), 404.1508, 404.1513,

404.1520(c) and (d), 404.1520(a)–1523, *Bowen v. Yuckert, supra,* and *Sewell v. Heckler,* 764 F.2d 291 (5th Cir.1985). The impairment or combination of impairments must significantly limit the claimant's mental and/or physical ability to do basic work activities, 20 C.F.R. § 404.1521. Age, education and work experience are not considered. If there is a severe impairment the process moves to the next step.

### THIRD STEP

The Commissioner has published certain listed impairments utilizing in part tables and grids for determining a per se disability, Part 404, Sub-part P, Appendix 1, and 20 C.F.R. §§ 404.1525–1528. These listings can establish disability, but they cannot result in a finding of "no disability." Their decisional basis is some impairments are per se disabling without considering age, education or work experience, *Perez v. Schweiker,* 653 F.2d 997 (5th Cir.1981). The listings are descriptions of various physical and mental illnesses and abnormalities, most of which are categorized by the specific body system or function they affect. Each impairment is defined and delineated in terms of specific objective medical signs, symptoms, and/or laboratory results. For a claimant to demonstrate his impairment matches a listing, it must meet *all* of the specified medical criteria. If the appropriate listing indicates the Plaintiff is disabled, then the inquiry ends and the Plaintiff is entitled to benefits, *Heckler v. Campbell,* 461 U.S. at 460, 103 S.Ct. at 1953–54. However, if the listing does not indicate a per se disability such a finding does not result in a final conclusion of no disability.

### FOURTH STEP

The fourth step is to decide whether the present severe impairment prevents the performance of Plaintiff's past relevant work. This invokes a review of the residual functional capability and the physical and mental demands of past work activities. Residual functional capacity is what can still be done with the present severe impairment and the resulting limitation(s). If the Plaintiff is capable of doing his/her past relevant work there is no disability, 20 C.F.R.

§ 404.1520(e), *Crouchet v. Sullivan,* 885 F.2d 202 (5th Cir.1989), and *Reyes v. Sullivan,* 915 F.2d 151 (5th Cir.1990).

Under the first four Sequential Steps of the decision making process the Plaintiff bears the burden of proof, *Lewis v. Weinberger,* 515 F.2d 584, 586 (5th Cir.1975). If through step 4 the findings are Plaintiff (1) is not engaged in substantial gainful employment, (2) has a severe impairment, (3) does not have a per se disability based on the listing of impairments, and (4) is not capable of performing past relevant work, then Plaintiff has established a prima facie disability, *Ferguson v. Schweiker,* 641 F.2d 243, 246 (5th Cir.1981). The decision process then moves to the fifth and final Sequential Step.

### FIFTH STEP

On this final step the burden of proof is on the Commissioner, *Kane v. Heckler, supra.* The initial determination to be made at this step is if the severe impairment prevents the Plaintiff from performing any work, even sedentary. This step incorporates consideration of the residual functional capacity, age, education and past work experience of the Plaintiff, 20 C.F.R. § 404.1520(f). If the Plaintiff is capable of performing some level of work, then at this juncture the decisions must also be made as to whether (1) the severe impairments are exertional, non-exertional or a combination of exertional and non-exertional, and (2) the Plaintiff can perform a full range of the indicated work level.

If the impairments are solely exertional then the appropriate tables (Medical Vocational Guidelines) are utilized, 20 C.F.R. Pt. 404, Sub-part P, App. 2, *Heckler v. Campbell,* 461 U.S. at 467 and 470, 103 S.Ct. at 1957 and 1959. The Medical Vocational Guidelines are based on, as noted by the Regulations, 20 C.F.R. Part 404, Sub-part P, Appendix 2, Section 200.00(e), the strength requirements of a job and how those are affected by exertional limitations. In this regard the Fifth Circuit has made it abundantly plain if the Plaintiff suffers only from exertional impairments or the non-exertional impairments do not sufficiently affect the residual functional capacity, then the Com-

missioner may rely exclusively on the Guidelines in determining whether there is other work available in the economy which the Plaintiff can perform, *Fraga v. Bowen,* 810 F.2d 1296 (5th Cir.1987), *Mays v. Bowen,* 837 F.2d 1362 (5th Cir.1988), *Wingo v. Bowen,* 852 F.2d 827 (5th Cir.1988), and *Dominick v. Bowen,* 861 F.2d 1330 (5th Cir.1988).

■ If the Commissioner makes a decision the Plaintiff can perform a *full range* of some level of work in the economy, then the Commissioner may take administrative notice there are jobs in the economy which can be performed by the Plaintiff, *Ferguson v. Schweiker, supra.*

■ If the Plaintiff is limited to sedentary work, the Commissioner is required to refer to 20 C.F.R. § 404.1569 and Table No. 1, Appendix 2, Pt. 404, Sub-part P, to determine if under his residual functional capacity with his severe medically determinable impairments, he is or is not disabled. If the determination is the Plaintiff can perform light work the Commissioner refers to Table No. 2, *supra.* Table No. 3, *supra,* is utilized for medium work. However, if the Plaintiff suffers from non-exertional or a combination of exertional and non-exertional impairments the Commissioner may not utilize the Medical Vocational Guidelines for a decision. Although the Guidelines may be under limited circumstances used as an or "framework" for a decision, 20 C.F.R. Pt. 404, Sub-part P, Appendix 2, § 200.00(e)(2), and *Young v. Sullivan,* 911 F.2d 180 (9th Cir.1990). Also if the Commissioner does not make a decision the Plaintiff can perform the *full range* of sedentary work, light work, etc., the Guidelines do not apply, *Lawler v. Heckler,* 761 F.2d 195, 198 (5th Cir.1985).

When the Guidelines may not be utilized for decision making, then the Commissioner may only sustain her burden of proof by producing expert vocational testimony concerning the existence and availability of jobs in the national economy which the Plaintiff can perform, 20 C.F.R. P. 404, Sub-part P, App. 2, Sec. 200.00(e)(1) and (2), *Harrell v. Bowen,* 862 F.2d 471 (5th Cir.1988), and *Fields v. Bowen,* 805 F.2d 1168 (5th Cir. 1986). Vocational experts testify by hypothetical questions. The hypothetical question put to the vocational expert must conform to the ALJ's findings, *Herron v. Bowen,* 788 F.2d 1127 (5th Cir.1986).

## SUBSTANTIAL EVIDENCE

The standard by which the decision of the Commissioner is reviewed is known as the doctrine of "substantial evidence". If the Commissioner's findings are supported by substantial evidence then the decision will be affirmed. Substantial evidence was defined by the United States Supreme Court in *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) as,

"... more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

A substantial evidence test does not involve a simple search of the record for isolated bits of evidence which support the decision of the Commissioner. The Court is required to consider the record as a whole, *Orlando v. Heckler,* 776 F.2d 209, 213 (7th Cir.1985), and *Singletary v. Bowen,* 798 F.2d 818 (5th Cir.1986).

On the converse to find there is "no substantial evidence" to justify reversal of the Commissioner's decision, it must be concluded there is a "conspicuous absence of credible choices", *Dellolio v. Heckler,* 705 F.2d 123, 125 (5th Cir.1983).

■ For subjective complaints of pain to be found as disabling and not subject to a credibility decision there must be objective medical evidence of a demonstrable condition reasonably expected in medical probability to produce a level of pain which is disabling. Plaintiff's testimony alone is subjective evidence of pain, and is not an objective medical finding. See *Anthony v. Sullivan,* 954 F.2d 289 (5th Cir.1992). Thus, in the absence of supportive objective medical findings the determination of whether pain is a disabling condition based only on Plaintiff's subjective complaints becomes a credibility decision to be made by the ALJ, *Harrell v. Bowen,* 862 F.2d 471 (5th Cir.1988), *Hollis v. Bowen,* 837 F.2d 1378 (5th Cir.1988), *Haywood v. Sullivan,* 888 F.2d 1463 (5th Cir.1989), and *Griego*

*v. Sullivan,* 940 F.2d 942 (5th Cir.1991). This Court may not reweigh the evidence nor try the issues de novo, *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir.1985), and *Selders v. Sullivan,* 914 F.2d 614 (5th Cir.1990). Conflicts in the evidence are for the Secretary to resolve, and not for the Court to determine, *Patton v. Schweiker,* 697 F.2d 590, 592 (5th Cir.1983). It is only a *conspicuous* absence of credibility choices which will permit the Court to make a determination a condition such as pain is disabling, *Dellolio v. Heckler, supra.*

▮ The first two medical reports are by Doctors who only examined her medical records. The first was on November 9, 1993, by Dr. David M. Blacklock. The second was on January 4, 1994, by Dr. F.B. Higgins.

Records show she was admitted to the hospital through the emergency room on July 3, 1991. Her treating physicians were Dr. Jeffrey D. Carter, and Dr. James Nivens. She was discharged on July 9, 1991, wearing a back brace or support, and with an ambulatory walker. On November 5, 1991, Dr. Carter wrote a report and said she was totally disabled from being employed. However, the report was conclusory and did not set out any objective medical evidence to support the conclusion. Dr. Nivens wrote a report on November 22, 1991. He simply reported the progress of her treatment in the hospital. He apparently had not seen her since that date, and Dr. Carter remained her treating physician. There are several reports from emergency room visits beginning in 1992 through 1994. She has been there for left rib pain, chest pain, back pain, bladder infection, abdominal pain, and a lesion on the back of her neck.

She was examined by Dr. Jeff B. Goudreau who found subjective complaints and mild objective evidence of disability. Dr. Goudreau had available an EKG which was normal, and x-rays of the pertinent areas of the spine.

Plaintiff testified she does not have the funds available to be able to receive regular treatment from physicians, nor does she have the funds to buy all of the necessary medications. Plaintiff testified at the hearing she suffers from daily back pain radiating down both legs into her ankles. She says the pain is exacerbated by standing, walking or sitting for more than 15 minutes. Plaintiff took medication for her pain, but she testified she has no money. She lives with her son, and he is their sole support. Her son has suffered a brain injury and has a Grand Mal seizure disorder. He is receiving Social Security payments. She has neighbors who help out with the laundry, mowing the lawn, etc. While she had some complaints about chest pain, and on occasion takes nitroglycerine, it does not appear even from her testimony, this is a disabling condition. This was the finding of the ALJ also. The ALJ made a credibility determination with regard to her pain, and found that it was not as severe nor disabling as she had alleged.

The ALJ found she could not return to her past relevant work, with which the vocational expert agreed when she testified. The ALJ found her complaints and symptoms were credible only to the extent she would be limited to a restricted range of light work activity. The hypothetical given to the vocational expert was to consider her age, education and work background. The vocational expert was limited to a (1) sit/stand option, (2) sitting for 30 minutes at most, and (3) standing for 15 minutes at most. Light work is defined in the Regulations at 20 C.F.R. § 404.1567(b). To be able to do a full range of light work one must be capable of lifting no more than 20 pounds at a time, with *frequent* lifting or carrying of objects weighing up to 10 pounds. The jobs in this category also require a *good deal* of walking or standing, or involve sitting *most of the time,* with some pushing and pulling of arm or leg controls. The Regulation specifically says, "to be considered capable of performing a full or wide range of light work you must have the ability to do substantially all of these activities." The Plaintiff testified she could lift a gallon of milk, but only with pain. In addition, she testified she could sit for about 30 minutes, and stand for about 15 minutes. There was very little testimony with regard to her ability to walk. However, from the testimony it would be easy to extrapolate she could walk and stand for a 15 minute period, then she would have to be

able to sit until she could recover from that, and she could not sit for over 30 minutes. Light work requires, as already noted, the frequent lifting of objects weighing up to 10 pounds, and a good deal of walking or standing. If the job is one for sitting, then it would also require pushing and pulling of arm or leg controls. The ALJ found she had a functional capacity for lifting up to 20 pounds, not sitting for more than 30 minutes at a time, and not standing for more than 15 minutes at a time, and she could not work without an option to sit or stand at will, ALJ Findings No. 5 and No. 7. This would not fit with the definition of light work. Light work requires the ability to do a good deal of walking or standing. This Plaintiff has testified out of every 45 minutes, and based upon the findings of the ALJ, she would have to sit for two-thirds of that time. Meaning if she had an eight hour a day job she would be required to sit for 6 hours out of the day. That surely is not in the category of a "good deal" of walking and standing. It would appear she is factually in the work category to perform sedentary work, 20 C.F.R. § 404.1567(a).

If it were determined she could perform only sedentary work, then it would meet precisely with the arguments put forward by the Plaintiff in her Motion for Summary Judgment. In the Medical Vocational Guidelines, Table No. 1, she would be in the first category of a person closely approaching advanced age, 20 C.F.R. § 404.1563(c). In the education category she would be a person who had a limited education, 20 C.F.R. § 404.1564(3). In the previous work experience category she would be a person who was skilled or semi-skilled, but the skills were not transferable, ALJ's Finding No. 10. The vocational expert testified she had no transferable skills. Thus, the decision in Table No. 1 would be "disabled."

There is a gulf between a person who is able to do a good deal of walking and standing compared with someone who must rest after standing and/or walking for 15 minutes. With the limitations as found by the ALJ, the vocational expert answered the hypothetical with only sedentary jobs available for a worker with Plaintiff's limitations. The ALJ found her not disabled in the light work

category when the vocational expert has testified with her limitations only sedentary work would be available.

I, therefore, recommend it be found there is not substantial evidence to support the decision of the Commissioner of "no disability" at the Fifth Sequential Step of the decision making process by finding the Plaintiff was able to perform light work with limitations.

I, further recommend the finding of the Commissioner with regard to "no disability" be set aside.

I, further recommend it be found the Plaintiff is able only to perform sedentary work, and under Table No. 1 of the Medical Vocational Guidelines, 20 C.F.R., Pt. 404, Subpart P, App. 2, the disability decision is "disabled".

I, further recommend it be found the Plaintiff is disabled for purposes of both supplemental security income and disability insurance benefits.

I, further recommend an Order be entered for the payment of such disability insurance and supplemental security income benefits beginning July 3, 1991, for back payments, and future payments be made after the date of the finality of this Judgment.

The Clerk is directed to file the Findings, Conclusions and Recommendation and to send a copy of it to the Plaintiff by certified mail/return receipt requested, and a copy to each attorney of record by first class mail. Any party may object to the proposed Findings, Conclusions and Recommendation within ten (10) days after having been served with a copy hereof, Rule 72, Federal Rules of Civil Procedure, and Rule 4(a)(1) of Miscellaneous Order No. 6 as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas. The due date for objections is calculated according to Rule 6(a) and (e), Federal Rules of Civil Procedure. Such party shall file with the Clerk of the Court, serve on the Magistrate Judge and on all parties, written objections, which shall specifically identify the portions of the Findings of Fact, Conclusions of Law or Recommendation, to which objection is made and shall set out fully the

basis for each such objection. The filing of objections is necessary to obtain a de novo review by a United States District Judge. A party's failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy of these findings, conclusions and recommendation shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court, *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). *See also Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir. 1982) *(en banc)* as modified by *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir.1996).

August 28, 1997.