**Lawrence DUBOSE, Plaintiff-Appellant,**

v.

**F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 76–3191**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1977.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

W. Eugene Henry, Biloxi, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., Carl H. Harper, Regional Atty., Dept. of HEW, Atlanta, Ga., for defendant-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The appellant, Lawrence Dubose, brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1970), to obtain review of a final decision of the Secretary of Health, Education and Welfare denying appellant·disability insurance benefits. The appellant claims there was not substantial evidence to support the Secretary's decision. The district court below rejected appellant's contention. We affirm.

Appellant claims that he was disabled by a heart attack. Despite substantial evidence to the contrary adduced by appellant's doctors, a specialist to whom the Administrative Law Judge referred appellant reported on the basis of a complete physical examination that appellant could perform

sedentary or light activity on a sustained basis and medium activity for short periods. The Administrative Law Judge found that although appellant could not return to his work in a shipyard, he retained the capacity to operate a liquor store he owned in which he had worked for short periods or to operate his barbershop.[1]

Appellant contends that the Administrative Law Judge improperly isolated one doctor's medical judgment while ignoring contrary medical testimony. He also argues that his activity at the liquor store cannot be considered substantial gainful activity because he had worked at the store only an hour or two a day since his heart attack. Similarly, he argues that his work at his barbershop was not substantial gainful activity because he earned only $300 to $400 a year from this part time work.

■■■ Although it would be improper to isolate some doctor's findings instead of considering the record as a whole, this is not a case in which the Secretary's determination can only be explained by assuming he disregarded the medical evidence. *See Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976). Our appellate function is not to weigh the evidence anew, but solely to determine whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1970); *Gaultney v. Weinberger*, 505 F.2d 943, 945 (5th Cir. 1974). Although we might have reached a different conclusion, we hold that there is substantial medical evidence to support the Secretary's determination. *See Entrekin v. Weinberger*, 477 F.2d 561 (5th Cir. 1973); *Stillwell v. Cohen*, 411 F.2d 574 (5th Cir. 1969).

■■■ There is evidence to show that appellant has retained the capacity to perform sedentary jobs not requiring arduous physical activity. The appellant's jobs as liquor store operator and barber constituted such sedentary activities, and we cannot say there was no reasonable basis for the conclusion that Dubose could still perform these jobs. Because the Administrative Law Judge concluded that Dubose could return to these previous occupations, the government had no burden to show that other suitable jobs existed. *See Gray v. Secretary of HEW*, 421 F.2d 638 (5th Cir. 1970). That Dubose was in fact working only intermittently at these jobs prior to this judgment does not mean that they could not constitute substantial gainful activity, as long as the medical evidence inde-

1. The term "disability," as it applies to this case, is defined in § 223(d)(1)(A) of the Social Security Act [42 U.S.C. § 423(d)(1)(A)] to mean:

. . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . . .

Section 223(d)(2)(A) of the Act (42 U.S.C. § 423(d)(2)(A)), further provides in pertinent part:

(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 202(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Section 223(d)(3) of the Act (42 U.S.C. § 423(d)(3)), provides:

(3) For purpose of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Finally, § 223(d)(5) of the Act (42 U.S.C.A. § 423(d)(5)), provides:

(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require.

pendently suggests that Dubose could work at them on a sustained basis.

The appellant confuses the issue by relying on *Flemming v. Booker*, 283 F.2d 321 (5th Cir. 1960), where this court said that evidence that a disability claimant had worked in a used car lot during that statutory period[2] did not preclude a finding of disability where those services had yielded the claimant less than $1,000 in yearly earnings and there was unanimous medical testimony of claimant's disability. In the case at bar, evidence of Dubose's previous occupations was not used to rebut unanimous medical evidence of a disability. Rather, it was used, once the Administrative Law Judge had made a credibility finding among conflicting medical testimony and had concluded that Dubose was able to perform certain work, to show that Dubose had performed such work in the past.

The judgment of the district court is AFFIRMED.

---

2. The disabled plaintiff in that case had claimed a period of disability under § 216(i)(1) of the Social Security Act, 42 U.S.C. § 416(i)(1), as well as disability insurance benefits under 42 U.S.C. § 423.