**Watts E. DAVIS, Plaintiff-Appellee,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellant.**

**No. 79–3264.**

United States Court of Appeals, Fifth Circuit. Unit B

April 2, 1981.

Rehearing Denied May 1, 1981.

Natalie R. Dethloff, Dept. of HEW, Office of the General Counsel, Alan M. Grochal, Baltimore, Md., for defendant-appellant.

Watts E. Davis, pro se.

Before MORGAN, FAY and FRANK M. JOHNSON, Jr., Circuit Judges.

LEWIS R. MORGAN, Circuit Judge.

The Secretary of Health, Education, and Welfare appeals from a decision by the district court that Watts E. Davis was entitled to the disability insurance benefits paid to him by the Social Security Administration. The Secretary contends that Davis was not entitled to disability benefits because he never satisfied the five-month waiting period prescribed by section 223(a)(1) of the Social Security Act, 42 U.S.C. § 423(a)(1). We reverse the district court and remand for further proceedings.

## I.

The facts reveal that Davis, then an attorney employed by the City of Birmingham, Alabama, filed an application for Social Security benefits on March 18, 1975, alleging a disability beginning January 1, 1975, due to a heart condition. In April 1975 the Secretary determined that Davis was disabled and granted him a period of disability beginning January 1, 1975. Following the expiration of the statutory five-month waiting period in June 1975, Davis began receiving disability insurance benefits and continued to receive them until June 1976.

In January 1976 Davis notified the Social Security Administration that he had re-turned to part-time work on May 16, 1975 and to full-time work on June 3, 1975. He reported earnings of approximately $2,800 per month for the full-time work he performed in June and thereafter. His earnings for the May part-time work were not specified. Upon learning that Davis had returned to "substantial gainful activity in June 1975," the Secretary's Division of Reconsideration terminated his benefits and demanded a refund of the $7,984.80 he had received.

The administrative law judge reviewing Davis' case concluded that he was never entitled to disability benefits because he returned to work in *June* 1975, which was "within 12 months of the onset date of disability." Although the ALJ was aware that Davis had worked part-time during May, she found this fact to be unnecessary to her decision:

> [The Act provides that a] claimant must serve a five month waiting period before being entitled to Social Security benefits. Since his first full month of disability started in January, 1975, his waiting period ended with May, 1975. Inasmuch as the claimant returned to work, on a partial basis during the fifth month of his waiting period, May, 1975, the Administrative Law Judge could possibly establish that he did not serve the required waiting period. However, it would serve the same end result to consider the claimant's case based on returning to work full-time effective June, 1975, since he testified to the same at the hearing and in writing.

The ALJ then noted that, under the Secretary's regulations, earnings of more than $200 per month are deemed to demonstrate an ability to engage in substantial gainful activity, 20 C.F.R. § 404.1534(b), and therefore are inconsistent with the finding of "disability" within the meaning of the Act. *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 1532(a). Because Davis earned in excess of $200 per month when he returned to full-time work in June, the ALJ concluded that Davis was never entitled to disability benefits and owed a refund of the monies he had received. The Appeals Council af-

firmed the ALJ's opinion as the final decision of the Secretary.

On appeal, the district court determined that the ALJ had erred in basing her decision upon Davis' return to work in *June*.[1] The court noted that under 42 U.S.C. § 422(c), a disability claimant who satisfies the waiting period is entitled to a period of "trial work" and that services rendered during the trial work period cannot be considered in determining whether a disability has ceased or never existed. The court reasoned that the "trial work" performed by Davis following May 1975 should not have been considered by the Secretary as evidence that Davis had never been disabled. The court remanded for a redetermination in accordance with proper legal standards. The Secretary's appeal to this court was voluntarily dismissed.

On remand the Appeals Council abandoned its earlier theory that Davis' return to work in June 1975 disqualified him for disability benefits. Instead, the council focused on the part-time work Davis had performed in May, before the five-month waiting period had elapsed. Relying solely on the record produced before the ALJ, the Appeals Council found evidence that Davis had "earned well in excess of $200 for the month of May 1975." The council then cited a provision from the Secretary's regulations, 20 C.F.R. § 404.1534(b):

> (1) *Earnings that will ordinarily show that a person has done substantial gainful activity.* We will ordinarily consider that a person's earnings from work activity show that he or she has done substantial gainful activity if—
>
> (i) Earnings averaged more than $200 a month in calendar years prior to 1976; [and]
>
> (vii) There is no evidence that the person was unable to do substantial gainful activity. . . .

The Appeals Council concluded that, under this provision, Davis had engaged in substantial gainful activity in May and there-

fore by definition had not been under a "disability" for "five consecutive calendar months" as required by section 223 of the Social Security Act, 42 U.S.C. § 423. For this reason, the council held that Davis was not entitled to disability benefits.

On a second appeal, the district court reversed the Secretary's decision and held that Davis had established his entitlement to the disability payments he received. The district court properly viewed the issue as whether the Secretary's determination that Davis had not been under a disability for five full months was supported by substantial evidence. Although it found no evidence in the record regarding the amount of Davis' May earnings, the court assumed for the purpose of its decision that Davis had earned more than $200 for his part-time work. Nevertheless, the court concluded that this evidence was "simply not sufficiently substantial to overcome the uncontested medical evidence in the record which the Secretary earlier viewed as sufficient to establish a disability beginning January 1, 1975." The Secretary has appealed from this decision, arguing that the district court completely ignored the regulations regarding substantial gainful activity and the very purpose of the statutory waiting period.

## II.

■ Judicial review of the Secretary's decision regarding disability benefits is limited to determining whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed. 842 (1971); 42 U.S.C. § 405(g). It is not the function of the courts to reweigh the evidence or substitute their judgment for that of the Secretary. *Warncke v. Harris*, 619 F.2d 412 (5th Cir. 1980). Furthermore, in exercising our review, we must remember that the burden of proving disability is upon the claimant. *Id.*

As a prerequisite to disability benefits, the Social Security Act requires that a

---

1. The district court, following the ALJ's example, did not consider the part-time work Davis performed in May.

claimant satisfy a waiting period of "five consecutive calendar months—(a) throughout which the individual . . . [is] under a disability." 42 U.S.C. § 423(c)(2)(A). Disability is defined by the Act as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The fact is uncontroverted that in this case Davis returned to part-time work on May 16, 1975, some two weeks before the waiting period expired on June 1. The question for review is whether this part-time work constituted "substantial gainful activity," thus precluding a finding that Davis was under a "disability" for five full months as required by the Act.

■ Applying 20 C.F.R § 404.1534(b), the Secretary concluded that Davis' May earnings of "well in excess of $200" demonstrated that he had engaged in substantial gainful activity during the waiting period. While the district court assumed *arguendo* that Davis earned over $200 in May, it held that these earnings were not "substantial evidence" of nondisability. Here the district court erred. Regulation 404.1534(b) sets forth earnings which are *presumed* to be evidence of substantial gainful activity. This presumption, if unrebutted by the claimant, negates a finding of disability since the Social Security Act defines "disability" as the *inability* to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). Under the Secretary's regulations, therefore, it is clear that merely the amount of a claimant's earnings can constitute substantial evidence of nondisability. Thus, once it is established that a claimant earned in excess of $200 per month, the Secretary is not required to submit addi-

tional medical evidence or evidence regarding the specific nature of the claimant's work.

In totally ignoring the Secretary's regulations, an error in itself, the district court relieved Davis of the burden of proving his disability and shifted the burden to the Secretary to prove Davis' nondisability. Requiring the Secretary to prove nondisability runs counter to the general burden of proof requirements of the Social Security Act and contravenes the purpose of Regulation 404.1534(b). We hold that the Secretary was entitled to rely on Regulation 404.-1534(b) and that, under this regulation, earnings in excess of $200 per month constitute substantial evidence of ability to engage in substantial gainful activity.

■ While we agree with the Secretary's interpretation of Regulation 404.1534(b), we are unable to determine if the regulation is applicable in this case. The Secretary has confidently asserted that Davis "earned well in excess of $200 for the month of May, 1975." As the district court pointed out, however, the record contains no reference to the actual amount earned by Davis during the part-time work period in May 1975.[2] Absent specific findings regarding Davis' May earnings, it is impossible to apply the earnings guidelines set forth in Regulation 404.1534(b).

■ Although this rather simple case has seen far too much litigation, we see no alternative but to remand so as to permit factual development regarding Davis' earnings in May 1975. If, as the Secretary contends, Davis' earnings did average more than $200 a month during May, the earnings guidelines set forth in 20 C.F.R. § 404.1534(b) come into play. It will then become Davis' duty to present evidence that, despite these earnings, he was unable to engage in substantial gainful activity in

2. In her brief the Secretary states that following the district court's remand Davis was given an opportunity to present additional evidence "concerning his employment in May 1975." This is a misrepresentation. On remand, the Appeals Council did invite Davis to submit any additional evidence concerning his case within 20 days. However, the Appeals Council did not specifically direct Davis' attention to the need for information regarding his May earnings. Because the Secretary had been consistently focusing on the work performed in *June* and had never relied on the May work before, *it is* not surprising that Davis did not introduce evidence on this question.

May. If Davis shoulders this burden, or if the facts reveal that his May earnings did not average more than $200, then Davis is entitled to the benefits he received.

REVERSED and REMANDED.