Edward C. CARTER, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–4231
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1983.

Laurel G. Weir, Thomas L. Booker, Jr., Philadelphia, Miss., for plaintiff-appellant.

Glen H. Davidson, U.S. Atty., Thomas W. Dawson, Asst. U.S. Atty., Oxford, Miss., for defendant-appellee.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Edward Carter brought this action under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) (West.Supp.1983), to obtain review of a final decision of the Secretary of Health and Human Services. Based on a finding that Carter was not disabled, the Secretary denied disability insurance benefits and supplemental security income. The district court upheld the decision and granted judgment in favor of the Secretary. We reverse and remand to the Secretary.

## FACTUAL BACKGROUND

Carter is a thirty-nine year old male with a twelfth grade education. He has worked as a warehouseman, a laborer, a service station attendant and a pinball machine assembler. For most of his twelve year work history, he has performed heavy manual labor.

In 1973 Carter suffered a back injury while working as a warehouseman. Carter had injured his back previously and had undergone back surgery in 1965. When the pain and weakness from his 1973 injury did not abate, he underwent a second operation to excise his fourth lumbar disc on November 11, 1974. Carter's physician discharged him from the hospital on December 10, 1974, with a recommendation to exercise and become progressively more active. Complaining of continued postoperative pain and weakness, Carter has never returned to work.

This action represents Carter's second attempt to obtain benefits. He first applied for disability insurance in July of 1974. An administrative law judge (ALJ) awarded Carter a closed period of benefits beginning on the date of his injury and ending on February 4, 1975. Carter sought both administrative and judicial review, alleging that his injury had permanently disabled him. The district court upheld the Secretary's decision, and we affirmed without

published opinion. *See Carter v. Califano,* 583 F.2d 540 (5th Cir.1978) (table).

Carter filed the present application for supplemental security income on February 15, 1979, followed by his reapplication for disability insurance on May 4, 1979. An ALJ held a consolidated hearing on the applications, and denied both claims. The ALJ found that the previous denial of disability insurance benefits barred any award for the period before the final decision in Carter's first application. For the period since then, the ALJ found that Carter had not carried his burden of proving that he could not return to his previous work. The Appeals Council declined to review the decision, thus making the ALJ's findings the final decision of the Secretary.

## DISCUSSION

■ Our scope of review is limited. The Secretary's findings are conclusive if substantial evidence supports them. 42 U.S.C.A. § 405(g); *see, e.g., Dorsey v. Heckler,* 702 F.2d 597, 602 (5th Cir.1983). Evidence is substantial if it consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). We require more than a mere scintilla, but we may not substitute our judgment for that of the Secretary. *E.g. Davis v. Schweiker,* 641 F.2d 283, 284 (5th Cir.1981). Upon finding substantial evidence, we may only review whether the Secretary has applied proper legal standards and conducted the proceedings consistently with the statute and regulations. *Bormey v. Schweiker,* 695 F.2d 164, 168 (5th Cir.1983), *cert. denied,* —— U.S. ——, 103 S.Ct. 3091, 77 L.Ed.2d 1351 (1983).

Carter challenges the substantiality of the evidence in three respects. First, the ALJ purportedly misevaluated Carter's prior work history by concluding that he retained capacity to perform previous jobs. Second, the ALJ allegedly ignored evidence that pain disabled Carter. Finally, the ALJ, in Carter's view, did not have a basis to determine whether Carter could perform any work because he did not solicit expert vocational testimony.

### 1. Carter's Work History

The ALJ concluded that Carter had the ability to return to his prior work. Specifically, Carter had held two jobs that did not require heavy manual labor. In 1967, Carter had assembled pinball machines. Between 1970 and 1973, he had been a gas station attendant. The record in the ALJ's opinion demonstrated that Carter's back injury did not prevent him from returning to those jobs. This finding ended the inquiry because Carter could not make out a prima facie showing of disability if he could return to his previous work. *Tew v. Schweiker,* 642 F.2d 925, 926–27 (5th Cir.1981), *cert. denied,* 454 U.S. 855, 102 S.Ct. 303, 70 L.Ed.2d 149 (1981); *see* 20 C.F.R. §§ 404.1520(e), 416.920(e) (1982).

To determine whether an applicant can return to former jobs, the regulations require the ALJ to evaluate the applicant's "residual functional capacity." 20 C.F.R. §§ 404.1561, 416.961 (1982). This term of art merely designates the ability to work despite physical or mental impairments. *Id.* § 404.1545, 416.945. "Residual functional capacity" combines a medical assessment with the descriptions by physicians, the applicant or others of any limitations on the applicant's ability to work.

Only one medical assessment of the limitations on Carter's physical activities appears in this record. Dr. Andy, who performed the 1974 surgery on Carter, noted Carter's remaining ability to exert himself in the course of an eight hour work day. He completely prohibited Carter from engaging in the following activities: (1) working on or with moving machinery; (2) driving heavy automotive equipment; (3) lifting over 25 pounds; (4) pushing and pulling; and (5) working at unprotected elevations. In addition, Dr. Andy placed a half-time restriction on the following activities: (1) driving light automotive equipment; (2) lifting weights between 10 and 25 pounds;

and (3) climbing ladders. While some of the evidence suggests more serious restrictions on Carter's activities, there is no evidence that suggests less serious restrictions on Carter's activities.

█ An examination of the exertional requirements for a service station attendant does not support the conclusion that Carter could do that work. The U.S. Department of Labor describes service station attendant positions as work requiring "medium" exertion; a station attendant must frequently lift weights up to 25 pounds and must be able to lift a maximum of 50 pounds. U.S. Dep't. of Labor, Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles, 80, 479 (1981). On the basis of Carter's capacity to lift, even without considering his other exertional limitations, we cannot say that substantial evidence supports the ALJ's conclusion.

The ALJ's conclusion with respect to Carter's other previous work rests on firmer ground. The Department of Labor describes pinball assembly work as requiring "light" exertion. Id. at 194, 479. Neither the Department of Labor description of the job nor Carter's own description place it clearly beyond the limitations described by Dr. Andy.

█ Nevertheless, we reject the ALJ's conclusion. Carter held the pinball assembly job for thirteen months during 1966 and 1967. Since then, he has performed work that, according to all the evidence, is now beyond his exertional capacity. One panel of this court has held that an applicant in an analogous case had carried the initial burden of showing a prima facie case by proving inability to perform her most recent job. In Green v. Heckler, 705 F.2d 449 (5th Cir.1983), this court concluded that an applicant, who could no longer perform a job she had held for two and one half years, had established a prima facie case without the need to prove her inability to perform previous jobs.

The argument for rejecting the ALJ's conclusion is stronger here. Carter held the pinball assembler job over fifteen years

ago. The work was of a type dissimilar from any work that he has done since then. Moreover, Carter was living in Chicago, Illinois when he held that job; he now resides in rural Mississippi.

█ This conclusion, however, does not end the inquiry. We may remand to the Secretary for "good cause shown." 42 U.S.C. § 405(g); see Johnson v. Harris, 612 F.2d 993, 998 (5th Cir.1980). In order to find "good cause" we must find not only a lack of substantial evidence, but also the "inability to make a definitive ruling concerning claimant's disability based on the record before the court." Ferguson v. Schweiker, 641 F.2d 243, 250 n. 8 (5th Cir. 1981).

█ If the record demonstrates Carter's capacity to do an unlimited range of light work, no remand becomes necessary. In that instance, the Secretary could take administrative notice of the availability of light work in the economy and find Carter not disabled under the guidelines accompanying the Secretary's regulations. See 20 C.F.R., Part 404, App. 2. In order to rely on the guidelines, the claimant must match the underlying criteria of the guidelines, including age, education experience and residual functional capacity. See Perez v. Schweiker, 653 F.2d 997, 1001 (5th Cir.1981). Accordingly, we must turn to Carter's other arguments to determine whether we can simply apply the guidelines.

2. Evidence of Pain

█ The ALJ found that:

Based on all the evidence of record, the substantial evidence established that claimant's allegations of subjective symptomatology [sic] (including allegations of pain in back and legs, weakness and dizziness) are of such a severity as to preclude claimant from engaging in any substantial gainful activity are not supported by objective medical evidence, are lacking in persuasive content and are not credible. . . .

R. 2, 11. Insofar as the ALJ concluded that the allegations of pain did not show a complete inability to work, there is substantial

evidence in support. In light of our conclusion concerning the shift of the burden of proof, the ALJ should reconsider the evidence of pain as a possible factor limiting the type of work that Carter could perform.

The evidence does not show that Carter's back surgery has greatly limited his mobility. The records of Carter's treating physician and the consulting physician demonstrate that he can walk, stoop, bend and move without impairment. The ALJ relied principally on his observation of Carter at the hearing and a consulting physician's report to conclude that those movements were not accompanied by disabling pain. By setting forth his basis for rejecting pain as a source of disability, the ALJ complied with the command of our cases that subjective complaints of pain should not be ignored. *See, e.g., Scharlow v. Schweiker,* 655 F.2d 645, 648–49 (5th Cir.1981).

Pain, however, may also constitute a non-exertional factor that limits the range of jobs an applicant can perform. *Dellolio v. Heckler,* 705 F.2d 123, 127 (5th Cir.1983). To determine that an applicant can do a given type of work, the ALJ must find that the applicant can meet the job's exertional requirements on a sustained basis. *Dubose v. Mathews,* 545 F.2d 975, 977–78 (5th Cir.1977). The ALJ's present credibility finding on the issue of pain does not adequately cover the issue.

The ALJ's finding rests on two observations of Carter for short periods of time, the ALJ's at the hearing and the consulting physician's at a physical examination. Carter's principal complaints of pain were associated with prolonged standing or walking; the observations on which the ALJ relied did not afford a basis to evaluate these complaints. Moreover, there is some medical support for Carter's complaints; the present treating physician has prescribed pain medication and put Carter in traction.

3. Vocational Testimony

Some disability determinations can be made on the basis of guidelines developed by the Social Security Administration without the aid of vocational testimony. *See* 20 C.F.R., Part 404, App. 2 (1981). Only if a claimant cannot perform substantially all of the activities in a given category of exertional requirements must an ALJ solicit vocational testimony. *Patton v. Schweiker,* 697 F.2d 590, 593 (5th Cir.1983). We believe that the ALJ should consider whether Carter can perform substantially all the activities required for light work.

As set forth earlier, the ALJ had only one source of information about Carter's exertional limitations, the report of a former treating physician. We do not discern a basis for a definitive ruling in the record on Carter's present exertional limitations. We leave it for the ALJ to determine whether the evidence of pain and Carter's account of the limitations on his capacity to exert himself evince a capacity less than that reported by the former treating physician. If the ALJ credited any of Carter's testimony, vocational testimony may be necessary.

Finally, we note that Carter challenges the Secretary's decision not to reopen the previous disability determination on res judicata grounds. A refusal to reopen or a res judicata determination is not reviewable. *Hensley v. Califano,* 601 F.2d 216 (5th Cir.1979). We have no jurisdiction to consider that claim. *Id.*

REVERSED and REMANDED to the Secretary for further proceedings.