**Dora FERNANDEZ, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. H–83–998.**

United States District Court, S.D. Texas, Houston Division.

May 1, 1984.

James H. Shoemake, Thomas J. Hannsz, Shoemake, Hannsz, Selwyn & Tinch, Houston, Tex., for plaintiff.

Daniel K. Hedges, U.S. Atty., Houston, Tex., for defendant.

**ORDER**

McDONALD, District Judge.

Came on to be heard the Cross-Motions for Summary Judgment of Plaintiff Dora

Fernandez and Defendant Margaret M. Heckler. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that both Motions should be DENIED and that the case should be remanded to the Secretary for further consideration.

## I. Background

Plaintiff is a Latin American female in her mid-fifties. She filed an application for disability insurance benefits on September 4, 1981, alleging that she suffered congestive heart failure and thrombophlebitis. That application was denied, and the reviewing Administrative Law Judge ("ALJ") denied her claim on June 21, 1982 (Tr. 15). The Court has reviewed the record and determined that two of the findings of fact made by the Administrative Law Judge are unsupported by the requisite substantial evidence in that record,[1] and remand is therefore appropriate in the instant case. In addition, an outstanding question of material fact precludes granting summary judgment regarding one other finding. A discussion of each unsupported ground follows.

## II. Finding of Fact

■ The first finding of fact that is unsupported by substantial evidence in the record is the ALJ's conclusion that "any pain and discomfort experienced by the claimant is mild to moderate and not disabling" (Tr. 14). No evidence in the record suggest that the pain Plaintiff experiences is not in fact severe when her legs are not elevated for more than a brief period of time. The Court recognizes that subjective evidence of pain such as the testimony of pain presented by Plaintiff must be evaluated in light of the credibility and motivation of the witnesses as well as objective medical evidence of impairment. *Broadbent v. Harris,* 698 F.2d 407 (10th Cir. 1983). However, no evidence in the record counterbalances Plaintiff's claim of pain, and that claim must be considered by the

Secretary. *Jones v. Heckler,* 702 F.2d 616, 621 (5th Cir.1983); *Scharlow v. Schweiker,* 655 F.2d 645, 648 (5th Cir.1981). In the record at hand, there is no indication that the ALJ took into account Plaintiff's testimony regarding her pain (*see* Tr. 39–40), and reconsideration is thus appropriate. *Accord, Carter v. Heckler,* 712 F.2d 137, 142 (5th Cir.1983) (ALJ cannot decide that pain does not constitute disability when no medical evidence refutes other evidence indicating that pain is real).

■ The second finding of fact that is unsupported by substantial evidence in the record is that Plaintiff "has the residual functional capacity to perform work-related functions ..." (Tr. 14). The record establishes that Plaintiff's former job as a keypunch operator required her to lift boxes weighing up to twenty-five pounds (Tr. 29–30). The assessment of Dr. Luis Leon in 1982 indicates that Plaintiff cannot lift and carry over ten pounds. Dr. Harold Brown, who testified at the hearing before the ALJ, estimated that Plaintiff was "capable of more than is stated in these physical assessments" (Tr. 49). However, Dr. Brown provided no basis for his estimation, did not state that Plaintiff could lift twenty-five pounds, and furthermore had never examined Plaintiff nor tested her physical capabilities. Dr. Brown's testimony, without explanation or support in the record, does not constitute substantial evidence that Plaintiff could perform her former job. *See Warncke v. Harris,* 619 F.2d 412, 416 (5th Cir.1980) (testimony of non-treating physician accorded less weight than that of treating doctor). *Compare Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir. 1981) (testimony of non-treating physician that is supported by the record outweighs unsupported testimony of treating physician); *Ransom v. Heckler,* 715 F.2d 989, 993 (5th Cir.1983) (*per curiam* ) (non-treating physician's assessments, supported by

---

1. This Court is bound to affirm all findings supported by substantial evidence in the record. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Allen v. Schweiker,* 642 F.2d 799 (5th Cir.1981). Substantial evi-

dence is more than a scintilla, less than a preponderance, and such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Dellolio v. Heckler,* 705 F.2d 123 (5th Cir.1983).

medical evidence, constitute substantial evidence of no disability).

■ Finally, a question of fact regarding obesity appears to be outstanding. in the record. Plaintiff claims to be 5′4″ and that if she is, her weight could meet the listings of obesity. *See* 20 C.F.R. § 404.1530 (1982). However, the ALJ concludes without discussion that Plaintiff is 5′5½″ and, at her present weight, not obese (Tr. 13). A litigant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980); *Munoz v. International Alliance of Theatrical Stage Employees and Moving Picture Mach. Operators,* 563 F.2d 205, 207 n. 1 (5th Cir.1977). On remand, the question of Plaintiff's height can be resolved.

Accordingly, it ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is DENIED, and the case is hereby REMANDED to the Secretary for further proceedings consistent with the order.