**Antonio M. VASQUEZ,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Department of Health and Human Services, Defendant-Appellee.**

**No. 83–1876**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 20, 1984.

Texas Rural Legal Aid, Inc., Steven J. Pickell, Kerrville, Tex., for plaintiff-appellant.

Joseph S. Friedman, Department of Health & Human Services, Baltimore, Md., for defendant-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Vasquez applied for social security disability benefits and supplemental security income, but his applications were denied both initially and on reconsideration. A hearing was held before an administrative law judge (ALJ) on plaintiff's claim of disability due to impaired vision, hypertension, headaches, and pain in his left wrist and upper neck. The ALJ found that plaintiff was unable to perform his past work as a ranch hand and janitorial serviceman but that plaintiff retained the residual functional capacity for medium work, and that plaintiff's non-exertional limitations did not significantly affect his capacity to do medi-

um work, that plaintiff was not disabled.[1] The Appeals Council affirmed the ALJ's decision, which then became the final decision of the Secretary. The district court granted summary judgment for the Secretary based on the conclusion that the ALJ's decision was supported by substantial evidence. Plaintiff appeals from the judgment of the district court.

The role of this Court on appeal is limited to consideration of whether there is substantial evidence in the record as a whole to support the Secretary's decision that plaintiff was not disabled. *Carter v. Heckler*, 712 F.2d 137 (5th Cir.1983). In the hearing before the ALJ, plaintiff argued that he should be found disabled pursuant to 20 C.F.R. § 404.1562 (1983). This section provides:

> If you have only a marginal education and work experience of 35 years or more during which you did arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s), we will consider you unable to do lighter work, and therefore, disabled. However, if you are working or have worked despite your impairment(s) (except where the work is sporadic or is not medically advisable), we will review all the facts in your case, and we may find that you are not disabled. In addition, we will consider that you are not disabled if the evidence shows that you have training or past work experience which enables you to do substantial gainful activity in another occupation with your impairment, either on a full-time or a reasonable regular part-time basis.

The ALJ, however, made no findings as to the applicability of this regulation to plaintiff. In particular, the ALJ made no finding as to whether plaintiff has thirty-five years or more of arduous unskilled physical labor as required by the regulation.

A finding as to the applicability of 20 C.F.R. § 404.1562 is essential in this case because this regulation involves the use of a different rule in order to determine whether the claimant is disabled. 20 C.F.R. § 404.1520 provides a five-step sequential process in a disability determination. In the instant case, the ALJ proceeded to the fifth and last step in the review process.[2] At this step he applied the Medical-Vocational Guidelines and discussed the effect plaintiff's non-exertional limitations have on his residual functional capacity. Regulation 1520(f)(2), however, directs use of the rule provided in regulation 1562 if the claimant has "only a marginal education ... and long work experience (i.e., 35 years or more) where [the claimant] only did arduous unskilled physical labor ... and ... can no longer do this kind of work...."

42 U.S.C. § 405(b)(1) directs the Secretary to make findings of fact. Any decision which is in whole or in part unfavorable to a claimant must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Secretary's determination and the reason or reasons upon which it is based." 42 U.S.C. § 405(b)(1). Although plaintiff presented evidence that he fits within 20 C.F.R. § 404.1562, the Secretary failed to make findings of fact relating to plaintiff's claim applicable thereto. The Secretary made no finding as to the applicability of this regulation to plaintiff; nor did the Secretary state the reason or reasons for which she did not apply the regulation in reaching her decision. Hence, we vacate the judgment of the district court and remand the case so that it can be returned to the Secretary for further proceedings in accordance with this opinion. On remand, the Secretary should make specific findings of fact as to whether plaintiff meets the criteria of regulation 1562.

VACATED AND REMANDED.

---

1. The ALJ applied the Medical-Vocational Guidelines to reach his conclusion that plaintiff was not disabled.

2. If at any step in the review process the ALJ finds that the claimant is not disabled, no further review is conducted.