**Paul R. GILPIN, Plaintiff,**

**v.**

**Otis R. BOWEN, Secretary of Health & Human Services, Defendant.**

**No. IP 85–1313–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Nov. 7, 1986.

John L. Hudgins, Indianapolis, Ind., for plaintiff.

---

Carolyn N. Small, Asst. U.S. Atty., Indianapolis, Ind., for defendant.

ENTRY

BARKER, District Judge.

■ This cause is before the Court on plaintiff's motion to remand and supplemental motion to remand based on new evidence. To warrant remand, the evidence must be new and material. In addition, there must be good cause for plaintiff's failure to incorporate the evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); *Bauzo v. Bowen*, 803 F.2d 917, 926–27 (7th Cir.1986); *Czubala v. Heckler*, 574 F.Supp. 890 (N.D.Ind.1983) The Court has examined the tendered evidence and finds that it fails to establish sufficient reasons to issue an order of remand.

■ In his original motion to remand, filed April 22, 1986, Mr. Gilpin enclosed a copy of his EKG reports dated July 2, 1985, along with a physician's letter of explanation. The record demonstrates that although the decision of the Administrative Law Judge was rendered on March 26, 1985, the decision of the Appeals Council was made on August 12, 1985. Plaintiff has not explained to this Court his failure to submit the tendered evidence to the Appeals Council.

The statute requires that "there is good cause for failure to incorporate [the] evidence into the record in a *prior proceeding.*" (emphasis added) 42 U.S.C. § 405(g) Although the evidence did not exist at the time of the hearing, the records were available for the proceedings before the Appeals Council. Therefore, by not providing an explanation of why he did not submit the reports to the Council, Mr. Gilpin has failed to satisfy the requirements of the statute. Accordingly, plaintiff's motion to remand, filed April 22, 1986, is DENIED.

■ On September 24, 1986, Mr. Gilpin filed a supplemental motion to remand. In his second motion, plaintiff has tendered an EKG report dated August 14, 1986. The evidence concerns the following statements made at the hearing:

[Attorney] Mr. Gilpin testified of what amounts to near fainting spells.

[Consultive physician] Yes.

[Attorney] Would that also support that he still has this problem as opposed to just flat passing out and falling on the floor?

[Consultive physician] I can't rule that out; but, the listings [Section 4.05 of Appendix 1, Pt. 404, Subpt. P] dictate that that [sic] would have to be associated with evidence by holter (phonetic) monitor or some other mechanism, too. He's had a variety of those monitors and there are no evidence that these symptoms are related with arrythmias. So, if those symptoms could be shown temperly (phonetic) related to documented arrythmia, certainly that would change my testimony significantly.

(R. at 59)

Section 4.05 of Appendix 1 states: *"Recurrent arrhythmias* (not due to digitalis toxicity) resulting in uncontrolled repeated episodes of cardiac syncope and documented by resting or ambulatory (Holter) electrocardiography." The evidence says that the "[p]atient reported one symptom [sic] of slight dizziness which did not correlate with any significant rhythm disturbances."

The Court finds that the tendered EKG report is not material because it states that Mr. Gilpin had only *one* incident of dizziness. The regulation requires *repeated* episodes of cardiac syncope. In addition, the consultive physician qualified his opinion by stating that plaintiff's fainting spells must be related to documented arrythmia. (R. at 59) The tendered report states that plaintiff's dizziness did not correlate to any significant rhythm disturbances. Therefore, Mr. Gilpin's report is not material because it fails to satisfy the requirements of Section 4.05 or the condition established by the consultive physician's testimony. Accordingly, plaintiff's supplemental motion is DENIED.

IT IS SO ORDERED.