Armetta ARNOLD, SSN: 308–24–5784, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. No. F 87–44.

United States District Court, N.D. Indiana, Fort Wayne Division.

March 19, 1990.

Ivan A. Lebamoff, Fort Wayne, Ind., for plaintiff.

David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM OF DECISION AND ORDER

ROGER B. COSBEY, United States Magistrate.

This matter is before the court[1] on the Defendant Secretary's December 11, 1989 Motion to Vacate Order. For the reasons stated below, the court will grant the motion; vacate its January 27, 1989 Order; then will consider the Secretary's May 2, 1988 Motion to Alter or Amend Judgment, and will grant that motion, remanding the case to the Secretary so that additional evidence can be taken in accordance with 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 1987, the Claimant Armetta Arnold (hereinafter "Claimant") filed a Complaint for judicial review of the Secretary of Health and Human Services' (hereinafter "Secretary") final decision denying her application for disability insurance benefits and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. § 401 *et seq.* At the administrative level it was concluded by the Administrative Law Judge that there was substantial evidence that the Claimant was not disabled. This decision was ultimately submitted to the district court for judicial review. On April 19, 1988, the court entered judgment in favor of the Claimant; reversed the decision of the Secretary and remanded the case to the Secretary for allowance of disability and SSI benefits. The Secretary then filed on May 2, 1988, a Motion to Alter or Amend Judgment pursu-

---

**1.** Jurisdiction of the undersigned Magistrate is based upon 28 U.S.C. § 636(c), both parties con-senting.

ant to Fed.R.Civ.P. 59(e) which the court denied on January 27, 1989. The Secretary now contends that the Claimant misrepresented her employment and income status to the Social Security Administration (SSA) during the time that she was administratively processing her claim and even during the period of judicial review. The Secretary requests the court to vacate its January 27, 1989 Order and remand the case to the Secretary to reopen the case to consider this issue.

## DISCUSSION

This case presents an interesting procedural stew. Mixed in this less than tempting pot is a curious concoction comprised of the Federal Rules of Civil Procedure together with elements of the Social Security Act.

■ The recipe commences with the Secretary's motion filed pursuant to Fed.R.Civ.P. 60(b)(3) to vacate the January 27, 1989 Order due to alleged fraud, misrepresentation, or other misconduct by the claimant. A Rule 60(b)(3) motion must be made not more than one year after the final judgment, order, or proceeding was entered or taken. Therefore, the "final judgment" the Secretary must be seeking to be relieved from must be the January 27, 1989 Order which denied the Rule 59(e) motion for, otherwise, the Secretary's motion would be untimely under Rule 60(b)(3).

The Rule 59(e) motion was filed and served pursuant to the certificate of service, on May 2, 1988. Service was complete upon mailing. Fed.R.Civ.P. 5(b). The Rule 59(e) motion was timely filed when Fed.R. Civ.P. 6(a) is applied. (See notes of Advisory Committee on Rules, 1985 Amendment). A timely filed Rule 59(e) motion destroys or suspends the finality of the judgment (here, the April 19, 1988 judgment) for purposes of appeal and the full time for appeal commences to run anew from the entry of the order disposing of the motion and restoring finality (i.e. January 27, 1989). 6A Moore's Federal Practice ¶ 59.12[1][2].[2]

Therefore, since a Rule 60(b) motion can only relieve a party from a "final judgment" and since the original judgment of April 19, 1988, only became final when the Rule 59(e) motion was denied on January 27, 1989, then the defendant's motion filed in December 1989 fell within the allowable one year for purposes of Fed.R.Civ.P. 60(b)(3).[3]

Rule 60(b)(3) states:

(b) On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party[.]

The Secretary now contends that the court's order of January 27, 1989 should be vacated, presumably so the court can then consider the Secretary's Rule 59(e) motion and remand for the taking of additional evidence.

■ What the Secretary seeks is an extraordinary remedy, granted only in "exceptional circumstances." *Metlyn Realty Corp. v. Esmark, Inc.,* 763 F.2d 826 (7th Cir.1985). For the Secretary to prevail on his Rule 60(b)(3)[4] motion he must show by

---

2. It is conceivable that a Rule 59(e) motion would be timely filed (thus suspending finality of the judgment) yet not be ruled upon until over a year later. Unless the date when the motion was denied is the date the judgment was "entered or taken" for purposes of Rule 60(b)(1), (2), or (3) it would be impossible in that instance to timely file a Rule 60(b)(1), (2), or (3) motion. *Boggs v. Dupont Pharmaceuticals,* 865 F.2d 1267 (6th Cir.1989) (Westlaw, Allfeds database).

3. In its Memorandum the Secretary alleges that the Claimant also perpetrated a fraud on the court presumably under the saving provision of Rule 60(b) or perhaps Rule 60(b)(6). The one year stricture applicable to Rule 60(b)(3) does not apply to fraud on the court under those provisions. *Averbach v. Rival Mfg. Co.,* 809 F.2d 1016 (3rd Cir.1987). However, since the court has determined that the motion was timely filed under Rule 60(b)(3) the court need not discuss those provisions. 7 Moore's Federal Practice ¶ 60.33.

4. The curious may wonder if the Federal Rules of Civil Procedure apply at all to judicial review of Social Security determinations. Indeed they do. Final decisions of the Secretary may be reviewed by a "civil action." 42 U.S.C. § 405(g).

clear and convincing evidence: (1) a meritorious defense (2) that the judgment was obtained by fraud, misrepresentation or misconduct; and (3) that the conduct complained of prevented the Secretary from fully and fairly presenting his case. *Ervin v. Wilkinson,* 701 F.2d 59 (7th Cir.1983); *Square Construction Co. v. Washington Metro. Area Transit Auth.,* 657 F.2d 68 (4th Cir.1981); *Wright and Miller,* Federal Practice and Procedure § 2860; Moore's Federal Practice ¶ 60.24[5].

█ The Secretary contends that the Claimant misrepresented her employment and earnings status to the SSA when she filed applications for disability benefits in August 1985, and continued to maintain that misrepresentation through and including her administrative hearing in May 1986. Based on this submission, it appears that the Claimant was employed in 1985 and 1986, earning $3,338.90 and $4,107.82 respectively for specified periods in each year (*See* Thomas Affidavit with attachments). This information was never presented to the SSA or to the Administrative Law Judge and certainly never to the court. The court will now discuss the Rule 60(b)(3) requirements seriatim.

### THE MERITORIOUS DEFENSE

The claimant had the burden of proving her disability. *Davis v. Schweiker,* 641 F.2d 283 (1981); 20 C.F.R. § 404.1512. Disability is defined by the Act as the: "Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

It now appears that the Claimant was engaged in undisclosed employment during the period of her administrative review and this demonstrates a prima facie case of ability to engage in substantial gainful activity. 20 C.F.R. § 404.1571 (1987). Fur-

ther, Regulation 404.1574(b) sets forth earning criteria which are presumed to be evidence of substantial gainful activity. If the Claimant had fully disclosed her earnings (at least to the extent claimed by the Secretary) there would arise under the regulation a presumption that the Claimant engaged in substantial gainful activity. This presumption, if unrebutted by the Claimant, negates a finding of disability since the Social Security Act defines "disability" as the inability to engage in substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). Therefore, once the Secretary establishes that the Claimant is earning in excess of the presumptive amount per month the Secretary is no longer required to submit additional medical evidence or evidence regarding the specific nature of the Claimant's work. *Davis* 641 F.2d 286. Reliance on the presumption would have been a meritorious defense if the Secretary had been made aware of its applicability and been allowed to present it.

### CLAIMANT'S MISREPRESENTATIONS

The second prong of the Secretary's burden is to show that the judgment was procured by the misrepresentations or misconduct of the Claimant. The Claimant had a duty, if the SSA asked, to produce evidence about her work experience, daily activities and efforts to work. 20 C.F.R. § 404.1512(b)(3), (4), (5) (1987). However, despite a number of verbal and written inquiries from the SSA the Claimant apparently failed to fully disclose her employment and earnings. This is further exemplified by the Claimant's own apparent misstatements at the administrative hearing where she claimed that she last worked in November 1983 (Tr. 30, 38) or was only working very limited hours at a sedentary job. This together with the Claimant's various incomplete written submissions to the Administrative Law Judge prior to the hearing, failing to fully disclose her other employment activities, constitutes miscon-

---

The Federal Rules of Civil Procedure govern the procedure in the United States District Courts in all suits of a civil nature. Fed.R.Civ.P. 1. Judicial review proceedings have not been excluded from operation of the rules. Fed.R.Civ.P. 81.

Therefore, the Federal Rules apply. *Califano v. Yamasaki,* 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979); 99 S.Ct. 2545; *Myers v. Califano,* 611 F.2d 980 (4th Cir.1980).

duct. Therefore since the Claimant does not challenge the contents of the Thomas Affidavit, it would appear by clear and convincing evidence that her true employment activities and earnings were not disclosed (i.e. misrepresented) to the Secretary. If the Claimant had been more forthright in disclosing this information her claim may still have been denied at the administrative level but at least it would have been on grounds more defensible than those the Secretary was forced to rely upon on judicial review.

## FULL AND FAIR PRESENTATION OF THE CASE

The Court is led to believe that the Secretary was not afforded an opportunity to fully and fairly present his case as a result of the apparent misrepresentations or misconduct of the Claimant. This is convincingly shown in the findings of the Administrative Law Judge. Although the Administrative Law Judge expressed some frustration regarding the difficulty of obtaining consistent information from the Claimant regarding her work activities, he did find that she had not engaged in substantial gainful activity since November 18, 1983. (Tr. 13, 14, and 20.) As a result of the apparent misrepresentations or misconduct of the Claimant, however, the Secretary could not assert the presumption of substantial gainful activity attributable to the Claimant under Regulation 404.1574(b)(2), (3). Further, the Secretary was not afforded the opportunity to convincingly present the first step of the disability analysis set forth in Regulation 404.1520(b) which establishes that if the Claimant is working, and the work is substantial gainful activity, then the Claimant would not be found to be disabled regardless of her medical condition, age, education or work experience. The Secretary was deprived of this presumption and was, therefore, forced to present and defend its case on whether or not the Claimant was able to perform any other work within the economy. Even on this element, the Secretary was apparently deprived of full knowledge of Claimant's work activities and earnings.

While the Claimant now asserts that her income and earnings failed to illustrate substantial gainful activity in any real sense (apparently apart from the presumption arising from the regulations) this is precisely the type of argument and evaluation that the Administrative Law Judge should have been able to hear and determine, so as to assess whether or not the Claimant overcame the regulatory presumption. It has, therefore, been clearly and convincing shown that but for the apparent wrongful actions of the Claimant the Administrative Law Judge would have been afforded this opportunity.

As a result, the court finds that the court's decision of January 27, 1989, denying the Secretary's Motion to Alter or Amend the Judgment should be vacated, and the court will now consider the Secretary's Motion to Alter or Amend the Judgment.

## MOTION TO ALTER OR AMEND JUDGMENT

Rule 59(e), if timely filed, affords to the court an opportunity to alter or amend its judgment. In so doing, the court is not limited to those errors alleged in the motion but can correct any error that comes to the attention of the court. *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986); 11 Wright and Miller, Federal Practice and Procedure § 2817. Obviously, the Secretary has not raised in its motion the apparent misrepresentations or misconduct of the Claimant in failing to fully disclose her earnings and work activities. This is clearly understandable considering that the information was not obtained by the Secretary until sometime substantially after the 10 day filing deadline allocable to Rule 59(e) motions. Therefore, it is entirely appropriate for the reviewing judge to enlarge the issues beyond the confines of the stated motion.

What the Secretary is truly seeking is a remand for the taking of additional evidence regarding the Claimant's employment and earnings so as to consider them in conjunction with the regulatory presumption. 20 C.F.R. § 404.1574. The

court may, *at any time* order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g).

To support a "new evidence" remand of a disability benefits case, the evidence must be new and not merely cumulative of what is already in the record; evidence must also be material, relevant, and probative; finally, there must also be a reasonable possibility that new evidence will change the determination. *Szubak v. Secretary of Health and Human Services,* 745 F.2d 831 (3rd Cir.1984). There must also be good cause for plaintiff's failure to incorporate the evidence into the record in a prior proceeding. *Gilpin v. Bowen,* 655 F.Supp. 110 (S.D.Ind.1986); *Czubala v. Heckler,* 574 F.Supp. 890 (N.D.Ind.1983).

Obviously, the evidence to be presented by the Secretary is new (having never been presented before) and not merely cumulative for if it is to be believed it will trigger a previously unavailable presumption. Further, the new evidence would be material, relevant and probative, and would have a reasonable possibility of changing the determination. That is, while the ultimate outcome at the administrative level may not change from the original administrative decision, the grounds relied upon by the Administrative Law Judge to deny benefits may very well be different than those previously voiced and possibly less subject to being assailed upon judicial review. Finally, the Secretary has shown good cause for the failure to incorporate the evidence into the record in the prior proceeding in that the Secretary made diligent efforts to obtain the information from the Claimant herself, and but for the misconduct and misrepresentations of the Claimant, the accurate information would have been presented.

Consequently, the Secretary's Motion to Amend or Alter the Judgment should be granted.

## CONCLUSION

The Secretary's Rule 60(b)(3) motion is hereby granted, and the court now vacates the January 27, 1989 Order denying the Secretary's Motion to Alter or Amend the Judgment. The Secretary's Motion to Alter or Amend the Judgment is hereby granted, and this cause is remanded to the Secretary pursuant to 42 U.S.C. § 405(g), and the Secretary is ordered to take additional evidence, and the Secretary after hearing such additional evidence shall either modify or affirm his findings of fact or his decision or both, and shall file with the court any such additional and modified findings of fact and decision, together with a transcript of the additional record and testimony upon which his action in modifying or affirming was based.