United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-61035

Summary Calendar

_____

GARY WAYNE CROUSE

     Petitioner

v.

UNITED STATES RAILROAD RETIREMENT BOARD

     Respondent

_____

Appeal from the United States Railroad Retirement Board

A 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

_____

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Petitioner, Gary Crouse, appeals the determination by the railroad retirement board that he is not entitled to a disability annuity under 45 U.S.C. § 231a(a)(1)(v) of the Railroad Retirement Act. Because the record contains substantial evidence that Crouse's conditions do not render him unable to engage in any

_____

    [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

regular employment within the meaning of 45 U.S.C. § 231a(a)(1)(v), we affirm.

Section 2(a)(1)(v) of the Railroad Retirement Act (the "Act") provides that an individual who has completed ten years of service shall be entitled to an annuity, upon application, if a permanent physical or mental condition renders him unable to engage in any regular employment. See 45 U.S.C. § 231a(a)(1)(v)(2000). As set forth in 20 C.F.R. § 220.100, to be entitled to an annuity, Crouse had to demonstrate to the hearings officer that he was "disabled for any regular employment."

After an independent and thorough review of the evidence before him, the hearings officer found that Crouse's claimed physical and mental impairments (including anxiety, chronic fatigue syndrome, stress-related disorders, heart problems, sleep apnea, degenerative disc disease, hepatitis C and heart and liver problems) did not render him unable to engage in any regular employment, that is, none of his impairments considered alone nor his impairments in combination significantly limit his physical or mental ability to do basic work activities. See 45 U.S.C. § 231a(a)(1)(v); see also 20 C.F.R. §§ 220.100. In a detailed order, the determination of the hearings officer was upheld by a majority of the railroad retirement board (a three-member panel).

Substantial evidence supports the board's determination that Crouse's conditions do not render him unable to engage in any regular employment within the meaning of § 231a(a)(1)(v). See Elzy

2

v. R.R. Ret. Bd., 782 F.2d 1223, 1224 (5th Cir. 1986) (holding that the board's findings are "conclusive" if they are supported by substantial evidence); Davis v. Schweiker, 641 F.2d 283, 285 (5th Cir. 1981) (describing the substantial evidence standard as requiring more than a mere scintilla of evidence but cautioning against substituting our judgment for that of the board); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (stating that "substantial evidence" is evidence consisting of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Crouse's contention that the board's determination requires reversal because the board did not consider the side-effects of his medication is belied by the opinion of the board, which clearly considers this argument on the second page of the opinion. Crouse's only other contention – that reversal is required because the board did not consider all of Crouse's ailments in the aggregate – lacks merit. It is clear from the record (which includes the sixty-five page transcript of the hearing before the hearings officer for the railroad retirement board) that the board carefully analyzed the work of the hearings officer, who thoroughly reviewed the evidence regarding the combination of Crouse's numerous ailments. In addition to reviewing Crouse's numerous medical records and examination reports from Crouse's treating physicians (including the statement from Dr. Bonchak, one of Crouse's treating physicians, as well as statements and notations from other treating physicians, radiologists,

3

chiropractors and a consulting physician), the hearings officer and the board reviewed Crouse's work history, Crouse's record of daily activities, and testimony from a vocational consultant and from Crouse himself. This record evidence abundantly supports the board's finding

We AFFIRM.