United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 05-30266
Summary Calendar

---

JOETTA D. GENTRY,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 2:03-CV-1849)

---

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Reviewing under the same standard as the district court, we affirm the ALJ's final

decision denying Gentry's claim for supplemental security income (SSI) benefits under

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Title XVI of the Social Security Act, (42 U.S.C. § 1381 et seq.) for the following

reasons:

1.    We find there is substantial evidence of record supporting the ALJ's

      determination that Gentry is not disabled within the meaning of the Act.

2.    We find that the ALJ's decision comports with the legal standards for

      disability determination set forth by this Court under the Act and relevant

      regulations, including our opinion in *Stone v. Heckler*, 752 F.2d 1099 (5th

      Cir. 1985).

3.    There is no evidence in the record to suggest that Gentry's anxiety has in

      the past or should be expected in the future to interfere with her ability to

      work.

4.    The ALJ did not err by not considering Gentry's visual acuity in reaching a

      disability determination because Gentry did not avert to this complaint prior

      to appeal.  The lone reference in the record to an apparently moderate and

      correctable vision impairment is not sufficient to raise a suspicion that

      would require the ALJ to investigate beyond Gentry's stated claim.  *See*

      *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1987) (claimant must raise a

      suspicion concerning impairment before ALJ's duty to inquire is triggered):

      *see also Fraga v. Bowen,* 810 F. 2d 1296, 1305 (5th Cir. 1987) (single

      reference regarding moderate eyesight impairment insufficient to require

      consideration).  Even if considered, there is no record evidence that

Gentry's visual impairment is more than a slight abnormality that should not be expected to interfere with her ability to work. *See Stone,* 752 F.2d at 1101.

5. We reject Gentry's argument that this Court has previously applied two separate pain standards to satisfy the severity and durational requirements of Step II in the five-step disability inquiry. Under Step II, the ALJ considers the impact of symptoms, including pain, in making a determination as to whether an impairment is severe (significantly limiting physical or mental ability to do basic work activities). 20 C.F.R. § 404.1520(c), -.1529(d)(1). We have recognized that pain alone can be disabling under the Act only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *See Selders v. Sullivan,* 914 F.2d 614, 618-19 (5th Cir. 1990) (citations omitted). Gentry concedes that her intermittent residual pain does not satisfy this standard.

We have also recognized that, even if not disabling in and of itself, pain may still be considered as a nonexertional limitation on the range of jobs open to claimants under Steps IV and V. *See Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir 1987); *Carter v. Heckler,* 712 F.2d 137, 141-42 (5th Cir. 1983). However, this presupposes that severe and lasting impairment has been found under Step II based on something other than pain alone and that Step III has also been satisfied. Here, the ALJ's finding

3

of no medically severe combination of impairments under Step II is supported by substantial record evidence. The evaluation process was thus properly terminated at that stage and the consideration of Gentry's pain as a nonexertional factor affecting work range was not reached.

6. We find the ALJ properly considered the disabling effect of each of Gentry's raised impairments as well as the combined effect of such impairments in reaching a disability determination.

Affirmed.

4